ERICK ABELSTAD, Respondent, v. SWAN A. JOHNSON, Appellant.

(170 N. W. 619.)

**Master and servant — master's duty — safe place to work.**

1. In an action for personal injuries sustained by a pusher in a lignite coal mine, it is the duty of the master to furnish reasonably safe appliances and a reasonably safe place where the employee is instructed to be and work.

NOTE.—Authorities discussing the question of servant's assumption of risk of dangers created by the master's negligence, which might have been discovered by the exercise of ordinary care on the part of the servant, are collated in a note in 28 L.R.A.(N.S.) 1250, in which it appears that the rule most frequently given is that a servant assumes the risk if the dangerous conditions are known, or would be known if he had exercised ordinary care.

On duty of master to furnish servant with safe means and appliances with which to work, and generally to provide for their safety, see note in 92 Am. Dec. 313.

**Master and servant — working in dangerous place under master's instructions — assumption of risk — contributory negligence.**

2. An employee, in working behind a coal car loaded with clay as the same is being drawn up an incline and watching the same pursuant to instructions given by the master, and then in a place of danger, if the cable should break, is not necessarily guilty of contributory negligence, and does not necessarily assume the risk as a matter of law.

**Question for jury — negligence.**

3. Under the evidence *held* that the trial court properly submitted to the jury the questions of defendant's negligence and of plaintiff's contributory negligence and assumption of risk.

Opinion filed December 26, 1918.   Rehearing denied January 15, 1919.

Appeal from the District Court of McLean County, *Nuessle,* J.

Action for personal injuries; appeal from judgment rendered for plaintiff and from order of trial court denying motion for judgment *non obstante.*

Affirmed.

*R. L. Fraser* and *J. A. Hyland,* for appellant.

If the employee having an opportunity of acting in any one of two or more ways, one of which is less safe than another, and knowingly chooses the less safe mode, he is deemed negligent and disentitled to recover, although the employer may also have been negligent.   German Lumber Co. v. Hannah, 60 Fla. 70; Schantz v. Eckhardt Mfg. Co. 112 La. 568; Bolton v. Jamar, 93 Ind. 404; Hurst v. Railway, 163 Mo. 309; Cleveland R. Co. v. Workman, 66 Ohio St. 509; Hatton v. Lumber Co. 39 Wash. 323; New York, C. & St. L. R. Co. v. Hamlin, 170 Ind. 20.

A servant with knowledge of existing perils, gained through observation, or from a long continuance in business, is bound to make use of such knowledge and look out for such dangers as experience has taught him is liable to produce injury.   Brazil Block Coal Co. v. Hoodlet, 129 Ind. 327, 27 N. E. 741; Pennsylvania Co. v. Finney, 145 Ind. 551, 558, 42 N. E. 816; New York, etc., R. Co. v. Ostrum, 146 Ind. 452, 45 N. E. 651.

The right to recovery is barred, if it appears that the employee has as much knowledge as, or equal means of information with, the employ-

er.  Priestly v. Fowler, 3 Mees. & W. 1, 7 L. J. Exch. N. S. 42, 19 Eng. Rul. Cas. 102; 26 Cyc. 1170.

A master is not bound to warn and instruct his servant as to dangers which are patent and obvious.  26 Cyc. 1171.

The master has the right to assume that an experienced servant of mature years is possessed of ordinary mental faculties, the usual powers of observation, and such knowledge as is acquired by common experience.  Creighton v. Keens (Neb.) 149 N. W. 403; Illinois Cr. Co. v. Swift, 213 Ill. 307, 72 N. E. 737.

It is well settled that where a servant knowingly selects a more dangerous way to couple or uncouple cars when there is a comparatively safe way which he knows, or ought to know, and which he may choose, and he is thereby injured, he is guilty of contributory negligence and cannot recover.  United States.—Morris v. Duluth etc. R. Co. 47 C. C. A. 664, 108 Fed. 749; Gilbert v. Chicago etc. R. Co. 123 Fed. 832, affirmed in 63 C. C. A. 27, 128 Fed. 529; Louisville etc. R. Co. v. Ward, 10 C. C. A. 166, 18 U. S. App. 683, 61 Fed. 927; Herrick v. Quinley, 41 C. C. A. 294, 101 Fed. 187; Illinois.—Chicago etc. R. Co. v. Rush, 84 Ill. 570; Ohio etc. R. Co. v. Bass, 36 Ill. App. 126; Peoria etc. R. Co. v. Puckett, 42 Ill. App. 642, 52 Ill. App. 226; Minnesota.—Chittick v. Minneapolis etc. R. Co. 88 Minn. 11, 92 N. W. 462; Montana.—Thompson v. Montana C. R. Co. 17 Mont. 426, 43 Pac. 496.

*H. F. O'Hare* and *E. T. Burke,* for respondent.

The servant is bound to keep his eyes open, and use the caution of a prudent man, but he need not inspect appliances and premises to determine whether they are safe.  Umstad v. Colgate Elevator Co. 18 N. D. 309.

BRONSON, J. This is an action for personal injuries.  The plaintiff was injured on October 20, 1917, in a lignite coal mine near Garrison, North Dakota, owned and operated by the appellant.  In the trial court, the jury rendered a verdict for the plaintiff for $3,000, and upon the judgment entered thereupon and the order of the trial court denying appellant's motion for judgment *non obstante* this appeal is prosecuted.

In the specifications of error the appellant challenges the sufficiency

of the evidence to justify the verdict, and contends that the evidence discloses that the plaintiff was guilty of contributory negligence: First, in overloading the car contrary to the instructions of the master; second, in sitting on the rail back of the car while the car was being hoisted up the incline; third, in continuing to work and in voluntarily placing himself in danger when he knew or should have known the condition of the cable.

It is, of course, elemental that questions of contributory negligence and of assumption of the risk are ordinarily for the jury, and that unless it appears from the evidence that reasonable men, acting prudently, could draw only one conclusion therefrom, this court will not disturb the findings of the jury thereupon. Messenger v. Valley City Street & Interurban R. Co. 21 N. D. 82, 32 L.R.A.(N.S.) 881, 128 N. W. 1023.

There is evidence in this case of probative force to show that the plaintiff, aged twenty-seven years, entered the employment of the appellant October 25, 1917, as pusher in his lignite coal mine. That his duty consisted of pushing out cars of lignite coal that had been mined by the miners therein, and of loading cars with clay to be removed from such mine, and in attaching such loaded cars to a cable preparatory to the same being hauled up an incline to the unloading place at the entrance of the mine; theretofore the plaintiff had been employed in such coal mine in the years 1915 and 1916 with similar duties. That in 1916, when the plaintiff was working in such mine, the appellant instructed the plaintiff to watch these cars, and, if the same went off the track while being hauled up, to ring the bell, in order to stop the team so hauling the same up the incline. On October 27, 1917, the plaintiff had pushed out a car loaded with clay to the place where the cable was usually affixed to such car. That morning another person, down in the mine, assisting, fastened the cable to the car and rang the bell. The plaintiff stood back of the car some 4 or 5 feet, and as it started up the incline he squatted on his haunches to see that the car kept on the track, and, if it did not, to ring the bell. As the car proceeded up the incline the cable broke suddenly at the place where it was hooked on the car and the car ran down the incline; the plaintiff started to run toward some switches in the opposite direction into the mine, stumbled and fell. The car came upon and ran over him, injuring

him to such an extent that the amputation of his leg was necessary. The plaintiff was told by the appellant not to load with clay the cars, as full as he did with coal, for the reason that clay was heavier. The testimony concerning the extent to which the car was loaded with clay varies from over half full to overflowing. The plaintiff testifies that he followed the instructions of the appellant and did not load such car as full as it was loaded with coal. There is evidence in the record that the cable in question was worn; that the appellant knew its condition and had ordered a new cable, and that it was badly worn at this place where the loop was formed that connected such cable with the car.

There is also evidence in the record that the car ran off the track frequently, and it is not disputed that the plaintiff was told by the appellant to watch the car and ring the bell when it ran off the track. But the appellant claims that right near this place where the cable is hooked to the car in question there is a manhole or place of safety which the plaintiff knew and which he could and should have used; that from this place he could view the car as it proceeded up the incline and ring the bell in case it left the track; also that the plaintiff knew or ought to have known of the condition of this cable, and that he voluntarily placed himself in a position of danger unnecessarily and contrary to instructions given. The plaintiff's testimony, however, denies knowledge of the condition of the cable; that he did not know about the manhole, that he had not been given instructions concerning the same, and that he took this squatting position behind the car in order to be able to watch the car as it proceeded up the incline. At the time the plaintiff had on a miner's lamp, and the place where he worked was not very light except such as was received from this lamp or came in from the entrance way distant.

Under this evidence this court cannot say as a matter of law that the plaintiff either assumed the risk or was guilty of contributory negligence in taking the position that he did on the day of the accident for the purposes that he has explained in his testimony. Under the evidence we are satisfied that this was fairly a question for submission to the jury, and that their findings upon such evidence should not be disturbed. The trial court committed no error in submitting the question of defendant'e negligence to the jury.

It was the duty of the master to furnish reasonably safe appliances

and a reasonably safe place for him to work, and the servant had the right to assume that the master had fulfilled his duty. On the other hand, the master was not required to instruct or protect the servant against obvious known and necessary dangers, where the servant had opportunity to understand and perceive the same; and it was the duty of the servant to use reasonable care to inform himself of these hazards to which he may be exposed, but he was not under duty to inspect the premises and appliances to determine whether they were safe.

The fact that the servant had as good an opportunity as the master to observe and know of the existing defective appliances involving danger to him did not necessarily charge him as a matter of law with assumption of the risks involved or with contributory negligence. Umsted v. Colgate Farmers Elevator Co. 18 N. D. 309, 122 N. W. 390; Meehan v. Great Northern R. Co. 13 N. D. 432, 101 N. W. 183; Scheurer v. Banner Rubber Co. 227 Mo. 347, 28 L.R.A.(N.S.) 1207, 1215, 126 S. W. 1037, 21 Ann. Cas. 1110.

The judgment of the trial court is affirmed.