JAMES J. BAILEY, Respondent, v. JAMES COX DAVIS, the
    Agent of the President under the Transportation Act of 1920,
    Appellant.

(193 N. W. 658.)

**Appeal and error — motion for new trial or directed verdict necessary to
review sufficiency of evidence.**

1. To review the sufficiency of the evidence to support the verdict, a motion
for a directed verdict or for a new trial is necessary.

**Trial — motion for dismissal and for directed verdict distinguished.**

2. Although a motion for dismissal and a motion for a directed verdict are
both, in effect, demurrers to the evidence, nevertheless, they are not identical.

**Appeal and error — finding that master was negligent and that employee
did not assume risk sustained on conflicting evidence.**

3. In an action under the Federal Employer's Liability Act to recover dam-
ages, it is *held*, for reasons stated in the opinion, that the verdict of the jury
finding that the defendant was negligent and that the plaintiff did not assume
the risk will not be disturbed.

**Removal of causes — railroad sued for personal injury held to have waived
right to removal.**

4. In an action brought in a state court directly under the Federal Employer's
Liability Act, where, under the facts pleaded and proved, it is doubtful whether
the employee, at the time of his injury, was then engaged in interstate com-
merce, and, where the defendant has failed to show in the record a petition and
bond for removal of the cause, or any fraudulent attempt to evade the right
of removal, and, where further, it is not shown that any different result would
be obtained if the action had been removed, and where the state statute,
(N. D. Laws 1915 chap. 207) applicable to intrastate commerce, embodies
practically the same identical language as the Federal Employer's Liability Act,
it is *held:*

(a) That it is immaterial whether the Federal act or the state act be applied.

(b) That the defendant has waived its right of removal, if any it had.

Note.—As to what employees are engaged in interstate commerce within the
Federal Employers' Liability Act, see notes in 47 L.R.A. (N.S.) 52; L.R.A.1915C,
60; 10 A.L.R. 1184; 14 A.L.R. 732, and 24 A.L.R. 634.  18 R. C. L. p. 854;
3 R. C. L. Supp. p. 862; 4 R. C. L. Supp. 1219, and 5 R. C. L. Supp. p. 1008.

**Appeal and error — admission of evidence in action under Federal Employers' Liability Act held harmless error.**

5. For reasons stated in the opinion it is *held* that the admission of certain evidence was nonprejudicial.

Opinion filed December 30, 1922. Rehearing denied May 15, 1923.

Appeal and Error, 3 C. J. § 746 p. 839 n. 40; § 906 p. 985 n. 34; 4 C. J. § 2836 p. 858 n. 3; § 2952 p. 969 n. 56; Removal of Causes, 34 Cyc. p. 1218 n. 32; Trial, 38 Cyc. p. 1551 n. 59; p. 1565 n. 76.

Action in District Court, Williams County, *Lowe, J.,* to recover damages against a carrier.

Affirmed.

*Dudley Nash, W. B. Overson,* and *Murphy & Toner,* for appellant.

The burden of proving interstate commerce is on the person asserting it (the plaintiff in this case), and where the proof does not show that a car under repair is devoted permanently, or has been assigned exclusively to interstate commerce at the time of accident, it is not engaged in interstate commerce and an action under the Federal Employers' Liability Act cannot be maintained. Mpls., etc., R. Co. v. Winters, 242 U. S. 353; Central R. Co. v. Paslick, 239 Fed. 713; Delaware etc. R. Co. v. Yurkonis, 238 U. S. 439; Payne v. Wynne (Tex.) 233 S. W. 609; Loveless v. Louisville etc. R. Co. (Ala.) 75 So. 7; Deffenbaugh v. U. P. R. Co. (Kan.) 171 Pac. 647; Herzog v. Hines (N. J.) 112 Atl. 315; Hines v. Industrial Acci. Comm. (Cal.) 192 Pac. 859; Manson v. Great Northern R. Co. 31 N. D. 643; Carver v. Ry. Co. 72 Tex. 308; Cooley, Torts, § 543; Boyer v. Ry. Co. (Minn.) 12 Am. Neg. Rep. 496; Timm v. Ry. Co. (Mich.) 57 N. W. 116; Roecke v. Ry. Co. 59 N. W. 243; Hanley v. Ry. Co. 62 N. W. 274; Hunter v. Co. 85 Fed. 379; Hamilton v. Ry. Co. 61 N. W. 415; Cameron v. Ry. Co. 8 N. D. 618; Dewey v. Ry. Co. 31 Ia. 373; Kemey v. Ry. Co. 61 Ga. 590; Maglin v. Ry. Co. 85 Ill. 481; Denny v. Ry. Co. 24 S. W. 317; Brunswick v. Ry. Co. 25 S. E. 759; Birmingham v. Mfg. Co. 12 So. 36; Taylor v. Baldwin, 21 Pac. 124; McDermott v. Ry. Co. 42 Pac. 348; Hudson v. Ry. Co. 55 Fed. 248; Berlick v. Ashland, etc. 67 N. W. 712; Gorham v. Ry. Co. 20 S. W. 1060; Lane v. Ry. Co. 29 N. W. 419; Snyder v. Ry. Co. 7 N. E. 604; Ry. Co. v. Silliphons, 8 S. W. 673; Hubert v. Ry. Co. 54 S. W. 1074.

"It is not necessary that the servant should be warned of every possi-

ble manner in which an injury may occur to him, or of risks that are as obvious to him as to the master, or which are readily discoverable by him by the use of ordinary care, with such knowledge, experience, and judgment as he actually possesses, or as the master is justified in believing him to possess." 29 Cyc. 1169.

"It is well settled that a servant cannot recover damages because of the dangerous condition of a working place, when such condition is as obvious or well known to him as to the master, or by the exercise of reasonable care by him would have been, or where it was the duty of the servant to ascertain as to the dangerous condition of the place which duty he has neglected." Woelflen v. Lewiston, 95 Pac. 497; Ell v. N. P. 1 N. D. 336; N. P. v. Hogan, 63 Fed. 102; Beleal v. R. Co. 15 N. D. 318; Boldt v. R. Co. 245 U. S. 441.

Where an experienced employee works in a dangerous place with dangerous tools, about which he knows, and is conscious of the danger and makes no complaint, and upon such complaint or without it is promised nothing, as a matter of law he assumes the risk. Boyer v. R. Co. 12 Am. Neg. Rep. 496; Ness v. G. N. 25 N. D. 572; Wyldes v. Patterson, 31 N. D. 282; Unsted v. Elevator Co. 18 N. D. 309; Hanley v. Grand Trunk, 62 N. H. 274; Ry. Co. v. Horton, 233 U. S. 492; Cartwright v. Ry. Co. 228 Fed. 876; Wheat v. Ry. Co. 99 N. W. 827.

Before letters are received in evidence, there must be, as in the case of other documents, some proof of their genuineness. This is not proved by the mere fact that the letter is received by mail when the signature is not proved. State v. Hall (S. D.) 84 N. W. 766; Sweeney v. Oil Co. 18 Atl. 612; White v. Gordon, 24 N. E. 1053; Pinkham v. Cockell, 43 N. W. 921; Hightower v. Ogeltree, 21 So. 934; Flamers v. Fletcher (W. Va.) 20 S. E. 87; 2 Jones, Ev. §§ 255, 298; Behrens Lumber Co. v. Lager (S. D.) 128 N. W. 698.

A motion for a nonsuit is in the nature of a demurrer to the evidence. It admits the truth of the plaintiff's testimony, together with every inference of fact which the jury may legally draw from it. Brown v. Lumber Co. (Or.) 33 Pac. 557; Warner v. Darrow (Cal.) 27 Pac. 737; Butler v. Hyland (Cal.) 26 Pac. 1108; Messenger v. Woge, 78 Pac. 314; Small v. Harrington, 79 Pac. 461; Klenichmidt v. McAndrews (Mont.) 12 Pac. 286.

The statutory dismissal for failure of proof is the same as the common-law nonsuit. Cartwright v. Hall (Minn.) 93 N. W. 117.

The practice of ordering a nonsuit for this cause is the same whether the cause is being tried by the court, referee, or a jury. Thorlson v. Wyman (Minn.) 59 N. W. 1009.

*Fisk & Taylor, Greenleaf & Wooledge,* for respondent.

"These questions really are immaterial here, since the Kansas statute is so similar to that of the United States that the liability of the defendant does not appear to be affected by the question which of them governed the case." Kansas City W. R. Co. v. McAdoo, 240 U. S. 51, 60 L. ed. 520.

The rejection of evidence as to the interstate character of the railway and of the employment offered for the purpose of making the Federal Employers' Liability Act applicable to a personal injury action brought by an employee against a railway company, if error, does not require the reversal of a judgment in favor of the employee, where the railway company's position was made no worse because the case was tried upon the hypothesis that the state law governed. Of course, the argument for the railway company is that Gray's employment on the cinder pit was employment upon an instrument of interstate commerce, and so an employment in interstate commerce. Chicago & N. W. R. Co. v. Gray, 237 U. S. 399, 59 L. ed. 1018, 9 N. C. C. A. 452.

"Where an injury was received while engaged in interstate commerce was alleged in a state court as the basis for a recovery under the Federal Employers' Liability Act (35 U. S. Stat. 65), and the evidence showed that it did not so occur, the allegations respecting the interstate character of the injury may be considered as eliminated, or the declaration amended and a recovery permitted under the state law, without depriving the defendant of any rights or immunities granted by the Federal act. . . .

"The plaintiff's declaration alleged that the injury occurred while the defendant was engaged and while the plaintiff was employed by it in interstate commerce. The allegations were such that, with that one, they stated a good cause of action under the Federal act, and without it they stated a good cause of action under the common law prevailing in the state. . . .

"The plaintiff asserts only one right to recovery from the injury and

in the nature of the thing he could have but one. Whether it arose under the Federal act or under the state law, it was equally cognizable in the state court." Karas v. McAdoo (N. D.) 179 N. W. 710.

The question of defendant's negligence and plaintiff's contributory negligence is generally proper for the jury and when passed upon by it will not ordinarily be disturbed. · Messenger v. Valley City S. R. Co. 21 N. D. 82, 32 L.R.A.(N.S.) 881, 128 N. W. 1023; Davy v. G. N. Co. 21 N. D. 43, 128 N. W. 311; Umsted v. Colgate Farmers Elev. Co. 18 N. D. 309, 122 N. W. 390; Cameron v. G. N. R. Co. 29 N. D. 481, 496, 151 N. W. 36.

"Doubt must be resolved in favor of the plaintiff and in favor of the findings of the jury by their verdict. It also seems to be a rule that in master and servant cases a railway is held liable to a higher degree of care than is required in less hazardous employments." Gunn v. Mpls. St. P. & S. Ste. M. Ry. Co. 34 N. D. 418, 427, 158 N. W. 1004; Am. Bonding Co. v. Ensey, 105 Md. 211.

"Where a letter has been received by the due course of mail in answer to a prior letter sent by the receiver with the name of the addressee of such prior letter signed thereto, a presumption arises that it is the letter of the person whose name is signed thereto." Am. Bonding Co. v. Ensey, 105 Md. 211, 11 Ann. Cas. 883.

"A letter received in the due course of mail purporting to be written by a person in answer to another letter proved to have been sent to him is prima facie genuine and is admissible in evidence without proof of the handwriting or other proof of its authenticity." 22 C. J. 908.

## Statement.

Bronson, J. In a civil action for damages under the Federal Employer's Liability Act, plaintiff recovered a verdict for $3,500 against a common carrier. Defendant has appealed from the judgment.

The facts are: Defendant is the presidential agent of the carrier under the Federal Transportation Act. From about September 1st, 1919, to March 13th 1920, while the carrier was under Federal control, plaintiff worked as a car repair man in the yards of the carrier at Williston. There the carrier has its division point. There, in its railroad

yards, the carrier maintained repair or rip tracks for purposes of repairing cars in bad order. There it repaired foreign cars and cars of its own. These rip tracks were not inclosed. Plaintiff's duties consisted in making repairs upon cars placed upon such rip tracks. On February 18th, 1920, a gondola car loaded with coal from Wolf Point, Montana, arrived at Williston. It was in bad order. In accordance with the testimony of the carrier, this was the carrier's car. Plaintiff gave testimony to the effect that it was a foreign car. This car was sent to the coal chute of the carrier and the coal there unloaded on February 19th, 1920. Then it was taken to the rip tracks. Plaintiff and another coworker were directed to repair this car. The needed repair was the installation of a new draft timber at the end of the car. It was necessary to prepare such draft timber. On February 20th, 1920, plaintiff and his coworker started upon this work of repair. They picked out an oak timber, about 8 x 12, 12 feet long. The carrier furnished the materials, the tools, and instrumentalities. On the morning of February 21st, 1920, they started active work upon the timber to prepare the same for installation in this gondola car. They worked in the open between the rip tracks. The ground was covered with smooth, slippery ice from snow that had been there throughout the winter and which had melted and frozen again. Upon this ice, there being no other place near the car, this oak timber was placed upon two wooden horses. It was necessary to bore some holes in the timber, insert some eight bolts, fasten with the same nuts thereon, and fashion the timber for a lug casting. The weather was cold; there was frost on the horses, the timber and the bolts. Plaintiff's coworker was using a wrench that was so worn that it did not grasp or hold the nut securely. While the plaintiff and his coworker were working on opposite sides of this timber tightening these bolts, the wrench of the coworker slipped, the timber slipped off one of the horses and struck the shin bone of plaintiff's right limb. Plaintiff saw the doctor of the carrier who dressed the leg and put bandages upon it. He was advised that the leg was all right and that he could go to work. Plaintiff continued to work until March 13th, 1920, receiving treatment from the company doctor from time to time. Later, the leg became infected and was subjected to many operations which, in accordance with the testimony, occasioned both permanent impairment

and disfigurement. In accordance with the carrier's testimony, this gondola car, after being repaired, was loaded with cinders and taken, on February 25th, 1920, intrastate from Williston destined to Niobe, North Dakota. In the complaint, plaintiff specifically alleges that the action is brought under the provisions of the Federal Employer's Liability Act. He alleges negligence of the carrier concerning the place where plaintiff worked and was ordered to work; concerning defective and unsafe tools with which plaintiff and his coworker were furnished and did their work, and concerning the negligence of plaintiff's coworker. The carrier, in its answer, alleges that plaintiff instituted the action fraudulently for the purpose of depriving the defendant of its constitutional right to remove the case to the Federal court; further, that the plaintiff, at the time of his injury, was not then employed in interstate commerce; that plaintiff's injuries resulted from his own contributory negligence and through risks assumed by him.

During the trial, plaintiff introduced into the evidence over objection two letters from a person at Niobe, North Dakota, purporting to be the agent of the Great Northern Railway Company to the effect that such agent had no record there of the car which the carrier claimed was the gondola in bad order. At the close of plaintiff's case defendant moved for a dismissal upon grounds that plaintiff, at the time of his injury, was not employed in interstate commerce; that the cause of action pleaded was not proved; that no negligence was shown on the part of the defendant; that the injuries received were the result of a mere accident; that plaintiff assumed the risks and was guilty of contributory negligence. At the close of the testimony, defendant again moved for a dismissal upon grounds that plaintiff, by false allegations, had deprived defendant of its constitutional right to remove the cause; that plaintiff, at the time of the injury, was not engaged in interstate commerce; that no negligence of the defendant was established; that the plaintiff assumed the risks. No motion was made for a directed verdict or for a new trial. The instructions of the trial court have neither been settled nor returned. The principal contentions of the carrier are that, upon the record, plaintiff was not employed in interstate commerce at the time of his injury; that defendant was fraudulently deprived of a right of removal; that no negligence of the defendant was established; that

plaintiff assumed the risks; that the trial court erred in receiving the letters mentioned.

## Opinion.

This court has frequently held that the sufficiency of the evidence to support the verdict is not subject to review where neither a motion for a directed verdict or for a new trial has been made. Horton v. Wright, B. & S. Co. 43 N. D. 114, 116, 174 N. W. 67; Lofthouse v. Galesburg, 48 N. D. 1019, 188 N. W. 585; Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861; Erickson v. Wiper, 33 N. D. 193, 221, 225, 157 N. W. 592; Buchanan v. Occident Elevator Co. 33 N. D. 346, 350, 157 N. W. 122; Freerks v. Nurnberg, 33 N. D. 587, 595, 157 N. W. 119. At the close of plaintiff's case, and at the close of the testimony, plaintiff made a motion for dismissal. A motion for dismissal and a motion for a directed verdict are both, in fact, demurrers to the evidence. 38 Cyc. 1551, 1565. They are, however, not the same. The former is generally less hazardous to plaintiff's rights than the latter. Sorenson v. Smith, 65 Or. 78, 51 L.R.A.(N.S.) 612, 129 Pac. 757, 131 Pac. 1022, Ann. Cas. 1915A, 1127. The former under code procedure generally seeks a nonsuit; 7 Enc. Pl. & Pr. 829; the latter, a fact determination by the jury. The former seeks action of the court without a jury, the latter, action by the jury upon peremptory instructions. Our statutes recognize a distinction between the motions by providing for motions of dismissal and motions for directed verdicts and, the effect of each. Comp. Laws, 1913, §§ 7597, 7643; Laws 1921, chap. 133. A motion for a directed verdict supersedes a motion for dismissal or nonsuit. 26 R. C. L. 1066.

Accordingly, upon technical grounds, the sufficiency of the evidence concerning the carrier's negligence or plaintiff's assumption of the risk is not before this court for review. Apparently, at the trial, the defendant advisedly made its motions, as motions for dismissal. Now, before this court, by challenging the sufficiency of the evidence to justify the verdict, it seeks a final determination upon the merits of the facts pleaded and proved, whether considered under the Federal, or the state, acts. However, we are not disposed, upon mere technical grounds, to deny defendant a review of the sufficiency of such evidence to establish

a cause of action either under the Federal or the state acts where it seeks so to do. We have, accordingly, reviewed the entire record. We do not hesitate to express considerable doubt concerning the sufficiency of the evidence to justify the jury's findings of defendant's negligence and plaintiff's nonassumption of the risk. Whether under the circumstances defendant exercised that reasonable care required concerning the place where plaintiff worked and in furnishing proper tools and instrumentalities, is indeed a close question. Likewise, the question of whether or not the plaintiff, through his experience and the manner of the work, did not assume the risk. The condition of the place where plaintiff was working in connection with the work he was then and there requested or permitted to do was more or less hazardous. The wrench used by plaintiff's coworker, if worn and defective, increased the hazard in connection with this particular work at the particular place. It is deemed unnecessary to restate the well-known fundamental rules applicable between master and servant in such situation. After full consideration we are of the opinion that the minds of men might reasonably differ and draw different conclusions upon the question whether there were acts of negligence by defendant and assumption of risk by plaintiff at the time and place where the injury occurred. Accordingly, we are not prepared, as a matter of law, to disturb the verdict returned. See Schantz v. Northern P. R. Co. 42 N. D. 377, 173 N. W. 556, id. 47 N. D. 1, 180 N. W. 517; Koofos v. Great Northern R. Co. 41 N. D. 176, 170 N. W. 859; Abelstad v. Johnson, 41 N. D. 399, 170 N. W. 619; Karas v. MacAdoo, 46 N. D. 344, 179 N. W. 710.

It is a serious question, upon the record, whether plaintiff, at the time of his injury, was engaged in interstate commerce or in work so closely related to it as to be practically a part of it. Shanks v. Delaware, L. & W. R. Co. 239 U. S. 556, 558, 60 L. ed. 436, L.R.A.1916C, 797, 36 Sup. Ct. Rep. 188; Industrial Acci. Commission v. Davis (May 29th, 1922), 259 U. S. 182, 66 L. ed. 888, 42 Sup. Ct. Rep. 489; Southern P. Co. v. Industrial Acci. Commission, 10 A.L.R. 1181 and note, (251 U. S. 259, 64 L. ed. 258, 40 Sup. Ct. Rep. 130). The jury, pursuant to a special question, found that the plaintiff was employed in interstate commerce. However, upon the record, this was a question of law. Kanable v. Great Northern R. Co. 45 N. D. 619, 178 N. W. 1000. We are of the opinion that it is unnecessary to determine this

question. We are satisfied, upon the record, that plaintiff's cause of action, as proved at the trial, if considered not to be within the terms of the Federal act because he was not then engaged in interstate commerce, in any event, falls within the terms of the state statute. N. D. Laws 1915, chap. 207. The state statute uses practically the same identical language as the Federal act; it changes only the language of the Federal act to the extent necessary for the purposes of making the same a law of this state. Apparently, it has been copied directly from the Federal act. See Froelich v. Northern P. R. Co. 42 N. D. 550, 173 N. W. 831. Upon the facts as pleaded and proved, plaintiff's cause of action, whether within the Federal act or the state act, was, in either event, within and subject to the jurisdiction of the state court. If the pleading had directly alleged that it was subject to the state act and the facts, as pleaded and proved, disclosed that plaintiff, as a matter of law, was engaged in interstate commerce at the time of his injury, the Federal act, by force of its superiority would have applied. See Schantz v. Northern P. R. Co. 42 N. D. 377, 386, 173 N. W. 556; Froelich v. Northern P. R. Co., supra, and cases cited. It is not contended that, if the provisions of the state act had been applied, the result of the action would have been in any manner different. See North Carolina R. Co. v. Zachary, 232 U. S. 248, 58 L. ed. 591, 34 Sup. Ct. Rep. 305, Ann. Cas. 1914C, 159, 9 N. C. C. A. 109. It is defendant's contention that, fraudulently, it was deprived of a right of removal into the Federal courts.

We are clearly of the opinion that, upon this record, defendant is not in a position to successfully assert any such contention. It has waived this right, if any it had. This record does not disclose that the defendant at any time has presented or filed any petition or bond for removal of this cause. There is no proof whatever of any fraudulent attempt by plaintiff to prevent a removal. The record simply discloses an allegation by defendant in its answer to that effect without any proof whatever to support it. Throughout the trial and before this court plaintiff has consistently maintained that plaintiff, at time of his injury, was then engaged in an act concerning interstate commerce. The fact that plaintiff specifically alleged his cause of action to be under the Federal act, and that this thereby gave to him a prima facie right to maintain such action in the state court without a right of removal upon

the pleading, did not foreclose defendant's right of removal, afterwards, upon taking proper steps so to do when it might clearly appear that the right of removal existed. Great Northern R. Co. v. Alexander, 246 U. S. 276, 62 L. ed. 713, 38 Sup. Ct. Rep. 237; Northern P. R. Co. v. Austin, 135 U. S. 315, 34 L. ed. 218, 10 Sup. Ct. Rep. 758. But, this, tho defendant has failed to do. Furthermore, it has sought in a state court to secure a determination upon the merits. See Great Northern R. Co. v. Alexander, supra.

The reception in evidence of the letters was error. They were incompetent until identified and agency established. But, in view of our determination herein, the error was without prejudice. They concerned, remotely, the question of whether the car involved was then engaged in interstate commerce. Error predicated concerning the instructions cannot be reviewed in the absence of their return and settlement. Otherwise, defendant objects to testimony received concerning foreign cars being in the carrier's yards; to the introduction of a photograph showing the present condition of plaintiff's limb; and to testimony of the plaintiff concerning directions he took or received from his coworker. These objections are without merit in view of the determination herein made.

The judgment is affirmed with costs.

GRACE, J., concurs.

BIRDZELL, Ch. J., dissents.

CHRISTIANSON, J. (concurring). While I have considerable doubt as to whether the findings of the jury on the questions of negligence and assumption of risk are supported by the evidence, I am not prepared to say that, as a matter of law, there was no actionable negligence on the part of the defendant, or that the plaintiff assumed the risk. Nor am I prepared to say that the record here establishes a situation where it can be said that prejudicial error was committed in not permitting a removal to the Federal court.

I am, also, of the opinion that the admission of the letters referred to in the principal opinion was error without prejudice.

ROBINSON, J. (dissenting). This is an action against the govern-

ment for alleged negligence of its transportation agent, to the injury of the plaintiff. The plaintiff is a boss carpenter and he undertook to do some ordinary carpenter work on a timber 8 x 12 inches, 12 feet long, which timber he and his helper placed on two wooden horses for the purpose of working on the same. The work was not at all dangerous, but it seems the weather was cold, the wooden horses were slippery and frosty, and the plaintiff neglected to clean them off and secure the timber against slipping, which he might easily have done in two minutes. So, by chance, the timber slipped from the wooden horses and in falling injured the shin bone of plaintiff's leg. It was a pure accident, due to obvious carelessness of the plaintiff and not to any carelessness of the government, its agents, or servants. But in such cases the verdict goes against the government almost as a matter of course, because the amount of any verdict is very small when compared with the great wealth of the government.

In the opinion as written by Mr. Justice Bronson, it is said that counsel for defendant failed to move for a directed verdict or a new trial, and for that reason, he cannot question the sufficiency of the evidence to sustain the verdict. Such has been the holding of a majority of this court on several occasions. It is not the law, because it is in direct conflict with a plain statute, which reads as follows:

Chap. 131, Laws 1913, § 9: "No motion for a new trial shall be necessary to obtain on appeal a review of any question of law or of the sufficiency of the evidence, unless before the taking of the appeal, the judge shall notify counsel of the party intending to take the appeal that he desires such motion to be made."

The purpose of the statute is to do away with the idle act of moving for a new trial which is almost sure and certain to be denied, unless the judge himself directs a motion for a new trial.

It seems time for this court to cease piling error upon error by following majority decisions contrary to a plain statute.

## On petition for rehearing.

Per Curiam. The decision in this case was filed December 30th, 1922. The case was decided by a divided court. A majority—Justices Bronson, Christianson and Grace—agreed that the judgment appealed from should be affirmed. Mr. Chief Justice Birdzell and Mr. Justice

Robinson dissented. On January 1st, 1923, there was a change in the membership of the court. On that day Justices Robinson and Grace retired, and were succeeded in office by Justices Johnson and Nuessle. On January 15th, 1923, the defendant filed a petition for rehearing. The situation confronting this court upon the filing of such petition was this. There were only two members of the court who had participated in the case upon the original hearing who agreed with the disposition of the case made in the former decision, one of the members disagreed with the conclusion reached in the former decision and two members of the court had not participated in the former hearing and were wholly unfamiliar with the case in any of its aspects. In view of the circumstances, it was thought advisable to order a re-argument without determining whether a rehearing should or should not be granted. The re-argument was intended to serve a two-fold purpose. (1) To determine whether a rehearing ought to be granted and the conclusions reached in the former opinions as to the law and facts re-examined; and (2) Whether in event it appeared that grounds for rehearing existed the conclusion reached in the former decision ought to be departed from.

On oral argument counsel were informed by the chief justice of the purposes for which re-argument had been ordered. After careful consideration we are agreed that the petition for rehearing filed in this case does not present any cause for which a rehearing ought to be granted. Rule 16, Rules of Practice. The petition is merely a re-argument of the questions determined by the former decision. The mere fact that there has been a change in the membership of the court and that there is or may be, a possibility or even a probability that the new members of the court (if they were to consider the case anew) might reach different conclusions from those reached by the majority members in the former decision, does not afford any reason for a rehearing. 4 C. J. 625. The petition for rehearing is, therefore, denied.

The members of the court who participated in the former decision adhere to the views then expressed. Justices Johnson and Nuessle express no opinion as to the correctness of the conclusions reached by the majority members in the former opinions; but they agree that no cause for rehearing has been presented. In other words, the members of the court as now constituted are all of the opinion that the questions presented in the petition for rehearing were all considered and disposed

of adversely to the defendant by the former decision; and that in making such decision the majority of the court as then constituted had before them and considered all the material facts, and that it is not shown that they overlooked any controlling decision or statute.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.