# E. W. OSTER, Respondent, v. GREAT NORTHERN RAILWAY COMPANY, a Corporation, Appellant.

(219 N. W. 788.)

**Master and servant — liability same under state or Federal Liability Act; railroad not entitled to claim dismissal because the injured party was not engaged in interstate commerce.**

1. In an action to recover damages for personal injuries alleged to have been sustained by an employee of a railroad company while operating a device used to hoist loaded cars of coal, it is *held* for reasons stated in the opinion:

That the defendant is in no position to say that the action should be dismissed because the plaintiff was not engaged in interstate commerce.

**Negligence — question of defendant's negligence for jury.**

2. That the question of defendant's negligence was one of fact for the jury.

**Assumption of risk — question of fact.**

3. That the question of assumption of risk was one of fact.

Opinion filed May 3, 1928. Rehearing denied June 15, 1928.

Master and Servant, 39 C. J. § 1141 p. 908 n. 97; § 1339 p. 1151 n. 67; § 1363 p. 1183 n. 87.

From a judgment of the District Court of Williams County, *Lowe,* J. Defendant appeals.

Affirmed.

*Murphy & Toner,* for appellant.

If the plaintiff consented to withdraw the interstate commerce allegation and abandon the alleged right to recover under the Federal Employers' Liability Act, the case immediately became removable and would have been removed. Berry v. Railway Co. 118 Fed. 911; Ayers v. Watson, 113 U. S. 594; Martin v. Railway Co. 151 U. S. 673; Fritzlen v. Bank, 212 U. S. 92.

It is the master's duty to exercise reasonable care in his efforts to provide a safe place in which his servant is to labor and in furnishing apparatus with which he is to work. Austin v. Mfg. Co. 89 Fed. 677; Armour & Co. v. Russell, 144 Fed. 614 (C. C. A.).

The master is not an insurer. Lang v. Bailes, 19 N. D. 582, 125 N. W. 891.

Assumption of risk is that an employee assumes in law the dangers that are known to the business, as ordinarily and carefully conducted, and is a rule of the common law based upon the wisdom and precedents of the ages. It is, therefore, a property right of the employer and should not be frittered away either by the legislature or the courts. Bailey, Master's Liability, p. 27; White, Personal Injuries on Railroads, p. 417; Farwell v. Railway Co. 4 Met. 49; Narramore v. Railway Co. 96 Fed. 298, 37 C. C. A. 499.

The assumption of risk and contributory negligence are separate and distinct defenses and assumption of risk when operative is a full and complete defense and bars recovery. Jackson v. Railway Co. 178 Fed. 472; Hartwick v. Railway Co. 286 Fed. 672; Railway Co. v. Sampson, 289 Fed. 577.

If a risk was obvious it will get the employee nowhere to testify that he did not know the risk. Mining Co. v. Bateman, 176 Fed. 57; Railway Co. v. Morone, 246 Fed. 916; Butler v. Frazee, 211 U. S. 459.

"One understanding the condition of machinery and dangers arising therefrom or who is capable of so doing, and voluntarily in the course of employment exposes himself thereto, assumes the risk thereof, and if injury results he cannot recover against his employer." Butler v. Frazee, 211 U. S. 459.

*U. L. Burdick* and *E. R. Sinkler,* for respondent.

"For an employee to come within the Federal Employers' Liability Act, he must, at the time of the injury, be engaged in interstate transportation or in work so closely related to it as to be practically a part of it." Slatinka v. United States R. Administration (Iowa) 188 N. W. 20.

The court may take judicial notice of the fact that trunk line railroads are engaged in interstate commerce, but it must be affirmatively proved that the employee, at the time of the injury, was engaged in this commerce. 18 R. C. L. 850; L.R.A.1915C, 64.

"In actions under the Federal Employers' Liability Act, plaintiff has the burden, not only to show negligence of employer, but also causal connection between negligence and injury." Jackson v. Honarhan (Iowa) 200 N. W. 202.

"In actions for personal injuries brought under the Federal Employers' Liability Act, plaintiff has the burden to show negligence of employer and it is held that "negligence and proximate cause were questions for the jury." Miller v. Minneapolis, St. P. & S. Ste. M. R. Co. 50 N. D. 206, 195 N. W. 33.

"Employees, by entering and continuing in the employment of a railroad company, under the Federal Employers' Liability Act, assume the ordinary risks and dangers incident to the employment, and the extraordinary risks and dangers which are obvious, or of which he is aware, but does not assume extraordinary risks which are unknown to him or which are not so obvious that a man of ordinary intelligence could have appreciated them." Parsons v. Chicago & N. W. R. Co. 110 Neb. 836, 195 N. W. 477.

"Only known or obvious risks are assumed." Umstad v. Colgate Elevator Co. 253 S. W. 513.

The question of assumption of risk is for the jury. Atlantic Coast Line R. Co. v. Banks, 288 Fed. 826.

CHRISTIANSON, J. Plaintiff sued to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. At the close of all the evidence the defendant moved the court to dismiss the action upon the grounds "that the plaintiff has failed to prove the material allegations of his complaint, has failed to prove that the plaintiff and defendant were engaged in interstate commerce or that the plaintiff was employed in that commerce at the time of the injury. That no negligence has been established, and that the evidence shows as a matter of law that the plaintiff assumed the risk of the dangers from which he alleges he was injured." The motion was denied. The defendant thereupon moved for a directed verdict on the same grounds. This motion was, also, denied, and the case was submitted to a jury, which returned a verdict in favor of the plaintiff for the sum of $2,000. Judgment was entered pursuant to the verdict and defendant has appealed from the judgment.

The accident occurred October 29, 1925. The plaintiff was then in the employ of the defendant railway company at Williston in this state. His duties were to attend to a hoisting device used in elevating loaded

cars of coal up an incline at a coal chute constructed and maintained by the defendant on the main line of its railway at that point. The cars of coal were elevated by means of an iron cable revolving around a revolving drum. This device was situated in a building elevated above defendant's railway track. On reaching the elevation the cars were emptied into a hopper, and the various locomotives of the defendant railway company were supplied with coal from said hopper. At the time of the injury the plaintiff had been in the employ of the defendant in such capacity for a period of twenty-four days. The hoisting device which caused plaintiff's injury was located in a small house built on stilts some thirty or forty feet above defendant's railway track. The device consisted of a drum about three and one-half feet in diameter, and a steel cable some five hundred feet in length. The loaded cars of coal were hauled up the incline by means of the cable being wound around the drum. The power to operate the drum was furnished from a stationary engine on the ground. The duties of the plaintiff, so far as they are material here, consisted of engaging a clutch so that the drum became connected with the engine and then after the drum started to revolve, and in keeping the cable straight on the drum by tapping the cable with a hammer while the car was running on the level ground and before it reached the incline. The injury occurred in the early morning of October 29th. The plaintiff testifies that the little house in which he was working became filled with smoke and steam so that he could not see anything, and that in seeking to get away from where he was standing, his foot was caught by some bolts that protruded from the end of the drum. There is no question under the evidence but that his foot was so caught and that as a result injuries were occasioned, which made it necessary to amputate some toes and a part of the foot.

The acts of negligence charged are:

(1) That the drumhead of the hoisting device was left wholly unguarded, with bolts extending to such an extent as to leave only a bare clearance between said bolts and the frame when the drum revolved; that notwithstanding defendant's knowledge of this dangerous condition, it allowed the bolts to so extend and the machine to remain unguarded.

(2) That the defendant failed to provide plaintiff a reasonably safe place in which to work:

(a) That through the negligence of the defendant the windows of the house in which plaintiff worked had become out of repair and that at the time of the accident smoke and steam entered the house from passing locomotives and rendered it impossible for the plaintiff to see and distinguish the machinery which he was operating, or to guard himself against injury therefrom.

(b) That there was no adequate light in said building, the same being lighted only by one small electric light which furnished wholly inadequate light.

(3) That the defendant failed to instruct the plaintiff as to the proper operation of the hoisting device or to warn him of the dangers and hazards incident to such operation.

The sole question presented on this appeal is the sufficiency of the evidence to sustain the verdict. The position of the appellant is stated in its brief thus:

"We are not asking or seeking on this appeal anything except a dismissal of the action. Our contention is that on the whole evidence there was no cause of action. That there was no case to go to a jury. If the case was a proper one to go to a jury we are satisfied with the instructions, the ruling, the verdict and judgment and are not asking for a new trial.

There are three points we will argue as briefly as possible:

1. Did the plaintiff prove that he had a cause of action under the Federal Employer's Liability Act?

2. Was there any negligence on the part of the defendant shown?

3. Did not the plaintiff under the law assume the risk that caused his injury as a matter of law?"

The three propositions raised by the defendant will be considered in their order.

(1) The first contention advanced by the appellant is that the plaintiff failed to prove that at the time of the injury he was engaged in interstate commerce; and, that having failed to prove this he is not entitled to recover under the Federal Employer's Liability Act, and that, consequently, the action should be dismissed. In our opinion this contention is wholly devoid of merit. The complaint in the case does not allege that the plaintiff was engaged in interstate commerce. The

only allegation relating to interstate commerce is paragraph one of the complaint which reads as follows:

"That the defendant is a foreign railroad corporation engaged in interstate railroad business, with one of its lines of railroad running through the state of North Dakota and as such passes through Williston, Williams county, North Dakota, and at said place has a complete equipment for the handling of interstate railroad business."

This paragraph of the complaint is expressly admitted in the answer. Furthermore, the only reasonable interpretation to be placed upon the evidence is that all locomotives taking on coal at Williston,—both those engaged in interstate and those engaged in intrastate traffic,—received coal from the coal chute where plaintiff was working. Hence, the plaintiff was engaged in interstate commerce within the meaning of the Federal Employer's Liability Act. Erie R. Co. v. Szary, 253 U. S. 86, 64 L. ed. 794, 40 Sup. Ct. Rep. 454, 21 N. C. C. A. 1. See also Philadelphia & R. R. Co. v. Polk, 256 U. S. 332, 65 L. ed. 958, 41 Sup. Ct. Rep. 518. In any event, the North Dakota Employer's Liability Act is, as regards the questions involved here, identical with the Federal Employer's Liability Act. Bailey v. Davis, 49 N. D. 838, 193 N. W. 658. Under the facts in this case the liability of the defendant railroad company would be precisely the same under either law. There is nothing to indicate that the defendant either sought or desired a removal of the case to Federal courts; and upon the record there is no basis for a contention that the plaintiff fraudulently alleged a cause of action under the Federal Employer's Liability Act for the purpose of precluding or hindering the defendant in obtaining a removal to the Federal courts. In the circumstances disclosed in this case the question whether the plaintiff was engaged in intrastate or interstate commerce is not of controlling importance. Kansas City Western R. Co. v. McAdow, 240 U. S. 51, 60 L. ed. 520, 36 Sup. Ct. Rep. 252, 11 N. C. C. A. 857; Chicago & N. W. R. Co. v. Gray, 237 U. S. 399, 59 L. ed. 1018, 35 Sup. Ct. Rep. 620, 9 N. C. C. A. 452; Bailey v. Davis, supra.

(2) We have carefully considered the evidence and have reached the conclusion that it cannot be said as a matter of law that plaintiff has failed to establish actionable negligence on the part of the defendant. In other words, we are agreed that under the evidence the ques-

tion of negligence is one of fact. The foreman of the defendant railway company testified that he always instructed the men who were engaged to operate the hoisting device as to the proper mode of operating the same. He further testified that at times the house in which the device was installed would become filled with smoke; that sometimes this might happen once a week and at other times not for a month or so, depending on conditions. One Bruno Chretalei testified that he instructed the plaintiff as to the operation of the hoisting device; but he did not say that he warned the plaintiff that at times the place would become filled with smoke and what to do in these circumstances. Nor did Chretalei claim that he gave plaintiff any specific directions as to how he should stand while tapping the cable with a hammer. Chretalei said merely that the plaintiff watched him (Chretalei) as he operated the device until plaintiff stated that he thought he could operate it. The defendant claims that the reason for the injury is that plaintiff was not standing in a correct position, that is, that he did not place his feet where he ought to have placed them. The plaintiff testified that the foreman at no time instructed him as to the proper mode of operating the device. He further testified that he was given no instructions as to how to stand while operating the hoisting device, and no warning as to the fact that in certain circumstances and at various times the house would become filled with smoke and steam so as to completely obscure the vision of anyone in the house. He further stated that he was at no time instructed as to what to do when this occurred; that he was not warned of the danger incident to operating the hoisting device nor of the protruding bolts and that he did not know of them. The evidence shows that the building in which the hoisting device was situated was about sixteen feet square, and that there was a floor in only a portion of the house,—the remainder being open. Also, that there were openings in the walls in which there were no window-sash or glass. The evidence also shows that it would have been possible to have had a floor in the building (with the exception of a space about ten inches by forty-two inches) without in any manner interfering with the hoisting device. The evidence further shows that the building was lighted only with a small electric light. The record shows that during the examination of witnesses, and particularly during the cross-examination of some of the witnesses for the defendant, demonstrations were

56 N. Dak.—57.

made in the presence of the jury as to the operation of the hoisting device. It is impossible from the record to gain an altogether exact knowledge as to the description given by these witnesses as some of the testimony consisted of indications or gestures made by the witnesses. This testimony, however, was doubtless of value to the jury and the trial court and aided them in obtaining a better understanding of the facts.

After a careful consideration of all the evidence we are of the opinion that the plaintiff established at least prima facie that the defendant had been negligent in failing to provide plaintiff with a reasonably safe place in which to work and in failing to instruct him as to the proper mode of operating the device and warning him as to the dangers incident to such operation.

(3) Did the plaintiff assume the risk of the injuries sustained? This question is practically determined by what has been said above. The evidence on the part of the plaintiff was to the effect that he had not been instructed as to how to operate the hoisting device; that he did not know of the danger incident thereto and had never been warned of such danger; that he did not know and had never been warned that the place would become filled with smoke so that he could not see at all. In other words, the evidence on the part of the plaintiff is to the effect that he continued to work without knowledge of the unsafe and dangerous conditions which were responsible for the accident. If the plaintiff told the truth there was no assumption of risk. It was for the jury to say whether plaintiff's testimony was true or false.

This disposes of the reasons urged by the appellant for a reversal of the judgment and it follows from what has been said that the judgment must be affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.