WILLIAM S. THOMPSON, Appellant, v. FRANK O. SMITH, Respondent.

(178 N. W. 430.)

**Master and servant — trial — direction of verdict held error — power to direct verdict defined.**

In this case plaintiff appeals from a judgment on a directed verdict. The verdict was directed on a motion which argues the merits of the case and covers nine pages of the record; and on the merits the motion was granted. That was error. The facts, which speak louder than words and the testimony of plaintiff were sufficient to sustain a verdict in his favor. On a motion to direct a verdict against a party his testimony should be taken as true, unless clearly false. The motion is in the nature of a demurrer to the evidence and the conceded facts. It does not question the legal sufficiency of the pleadings, which may be amended to conform to the evidence. It raises merely a question on the legal sufficiency of the evidence to sustain a verdict against the moving party. 38 Cyc. 1564–1569.

Opinion filed June 5, 1920.

Appeal from a judgment of the District Court of Kidder County; Honorable *J. A. Coffey*, Judge.

Judgment reversed and new trial granted.

*E. T. Burke*, for appellant.

*Geo. H. Musson, Geo. W. Thorp*, and *Russell D. Chase*, for respondent.

Robinson, J.   This is a suit for a personal injury resulting from the explosion of a jacketed water heating stove in the basement of defendant's hotel at Steele, North Dakota.   The plaintiff appeals from a judgment on a directed verdict.

The complaint avers that in April and May, 1919, at Steele, North Dakota, in a hotel there kept by defendant, the plaintiff was employed as janitor, porter, and general utility man; that in the basement of the hotel there was a water heating stove from which defendant had turned off the water without the knowledge of the plaintiff, and that in accordance with his employment and the directions or permission of defendant the plaintiff started a fire in the stove, when it exploded and seriously injured him.   Before the close of the trial the plaintiff moved for leave to amend the complaint to conform to the facts by adding this averment:   That the explosion was caused by the negligence of the defendant in obstructing the water pipes leading from the stove to the tank, and thereby preventing the cooling circulation of the water, and yet allowing some of the water to remain in the water jacket around the stove.   The court denied the motion to amend, saying:   I think if you allege that there was some water in the stove you must prove that by direct testimony.   The ruling, as well as the reasoning, was clearly wrong.   Pleadings are to be liberally construed and may be amended by asserting allegations material to the case and conforming the pleadings to the facts proved when it does not substantially change the claim or defense.   Comp. Laws, §§ 7458–7482.   The gist of the complaint is that the injury was caused by defendant's negligence; the gist of the answer is that it was caused by plaintiff's negligence.   The proposed amendment relates to mere description and details regarding the negligence.   The motion for a directed verdict should have been expressed in one simple sentence, yet it covers nine typewritten pages of the record.   It is an elaborate argument on the merits of the case, and on the merits the motion was granted.   That was all erroneous.   The only question then or now presented is on the sufficiency of the evidences to sustain the verdict, that is, the sufficiency of the direct and circumstantial evidence submitted by the plaintiff, regardless of any conflicting evidence.

In the basement of the hotel there was a water tank, a furnace, and a small jacketed water heating stove.   The purpose of the stove was to

heat water for hotel use, at small expense, when the furnace was not in use. When the stove is in use, it is like an island, completely surrounded by water. From a high pressure storage tank the water runs through an iron pipe into a space between the heater and its jacket, and as the water is heated it ascends through another pipe to the tank from which it is drawn as it is used. When in proper use the operation is automatic and labor saving.

In May, 1919, as the weather grew warmer, the furnace heating was discontinued, and as the colored man was continuously using hot water, his mind naturally turned to the water heating stove. He testifies: "I talked with Miss Jennie [the maid in charge of the hotel] about heating the water and asked her why we could not have a fire in the stove, and she said, 'The stove is all right.' All we need is to put the pipe on and have hot water. She said, 'The stove is all right, you can get a stove pipe and make a fire in it.' I spoke to Mr. Smith about it and he said, 'All right; all we need is to put the pipe on and have hot water.' He said, 'The stove is all right,' and for me to get the pipe and build a fire. I got the pipe, put it up, built a fire. Then I went upstairs, heard the pipe crackling, went down to see the fire, opened the top door of the stove, which was red hot. Then the stove blew up. It bursted. The ashes and cinders hit me in the face and eyes. I was stone blind and can only see out of my left eye."

As the testimony of the plaintiff is in no way improbable, on a motion for a directed verdict it should have been taken as true. It was for the jury to weigh the credibility of the evidence and to account for the explosion. It did not occur without a cause. In the burning stove it did not occur from gas, which fire instantly consumes. It must have been caused by superheated steam, which shows that the water was not completely drained and shut off from the stove, but it was shut off enough to prevent the inflow of water to cool the stove and the steam. In other words, the heating apparatus was not in working order, and that fact was not known to the plaintiff, and he was misled and lulled into a false security by the assurance that he had nothing to do only to fix the pipe and to build a fire.

As Smith knew, the plaintiff was a colored man, employed at $35 a month to do menial work. His color, his meager wage rate, and his employment indicated that he was a person of rather inferior mental

45 N. D.—31.

capacity and not an expert in the use of a water heating stove. Hence he should have been treated accordingly. The defendant should have put the heating apparatus in proper condition and shown the plaintiff just how to use it. Defendant argues that plaintiff risked all the dangers of trying to use the heater because he did it for his own convenience and without orders. The answer is that so far as the evidence shows the plaintiff had a perfect right to consult his own convenience, to relieve himself from work and the burden of lugging and carrying the water for washing dishes, floors, and for the use of defendant and his guests.

Judgment reversed and new trial granted.

BIRDZELL and GRACE, JJ., concur.

BRONSON, J. I concur in result.

CHRISTIANSON, Ch. J. (concurring specially). The sole question presented on this appeal is whether the trial court erred in directing a verdict in favor of the defendant. I believe that under the evidence in this case the questions of negligence, contributory negligence and assumption of risk were for the jury. I do not believe, however, that it can be said as a matter of law that the defendant was negligent.