GEORGE KARAS, Respondent; v. WILLIAM G. McADOO, Director General of Railroads, Appellant.

(179 N. W. 710.)

**Master and servant — master failing to provide skids for piling ties in lifting which employee was injured held liable.**

> This is a personal-injury suit in which the plaintiff, an employee of the defendant, recovered a verdict for $1,200. Working under the directions of defendant's foreman, the plaintiff and his coworker were piling up heavy water-soaked railroad ties. While lifting a tie to the height of 5 feet, one end slipped from the hand of the coworker and fell to the ground. The fall jarred the tie from the hands of the plaintiff, and it fell against him and severely bruised his foot. For piling the ties to such a height, defendant should have provided skids on which to slide them up a gradual incline. Obviously there was a safe and easy way of doing the work, and hence defendant should not have ordered or permitted the doing of it in a way that was onerous and dangerous.

Opinion filed October 5, 1920.

Appeal from the District Court of Ward County, Honorable *Frank E. Fisk,* Judge.

Affirmed.

*Dudley L. Nash* and *Murphy & Toner,* for appellant.

There was no negligence shown on the part of the defendant. The injury was the result of an accident. Manson v. Great Northern R. Co. 31 N. D. 643; Carver v. International & F. N. R. Co. 72 Tex. 308, 17 Am. Neg. Cas. 647; Cooley, Torts, § 543; Boyer v. Eastern R. Co. (Minn.) 12 Am. Neg. Rep. 496; Timm v. Michigan C. R. Co. (Mich.) 57 N. W. 116; Roechke v. M. C. R. Co. 59 N. W. 243; Hanley v. Grand Trunk R. Co. 62 N. H. 274; Hunter v. Company, 85 Fed. 379; Hamilton v. R. Co. 61 N. W. 415; Cameron v. R. Co. 8 N. D. 618.

The plaintiff assumed the risk, and cannot recover. Hanley v. Grand Trunk R. Co. 62 N. H. 274; Seaboard Air Line R. Co. v. Horton, 233 U. S. 492; Cartwright v. R. Co. 228 Fed. 876; Kelly v. R. Co. 9 N. W. 816; Bradshaw v. R. Co. 21 S. W. 346; Carr v. Construction Co. 48 Hun, 266; Kennedy v. R. Co. 17 Atl. 7.

The order of the master is immaterial on the question of the assump-

tion of risk. Bradshaw v. R. Co. 21 S. W. 346; 1 Labatt, Mast. & S. § 438; Curran v. R. Co. 143 Mass. 197; Kean v. Mill Co. 33 N. W. 395; Noth v. Peters, 13 N. W. 219; Linch v. Mfg. Co. 143 Mass. 206; Showalter v. Co. 60 N. W. 257; Burlington v. R. Co. 29 Pac. 175; Cartwright v. R. Co. 228 Fed. 872.

*J. E. Burke* and *Palda & Aaker,* for respondent.

It is the master's duty to furnish a sufficient force of servants to accomplish, with reasonable degree of safety to the servants employed, the particular work in which they are engaged. Pennsylvania R. Co. v. Hartell, 85 C. C. A. 335; Denver & R. G. R. Co. v. Reiter, 107 Pac. 1100; Coughlan v. Philadelphia, B. & W. R. Co. 67 Atl. 148; Brown v. Rome Mach. & Foundry Co. 62 S. E. 720; Beard v. Georgian Mfg. Co. 70 S. E. 57; N. Chicago Street R. Co. v. Auffman, 112 Am. St. Rep. 207; Fitter v. Iowa Teleph. Co. 121 N. W. 48; Dougherty v. Mpls. Steel & Mach. Co. 110 Minn. 497, 126 S. W. 1; Verlinda v. Stone & W. Engineering Corp. 119 S. W. 719.

Robinson, J. This is a personal-injury suit. Defendant appeals from a judgment on a verdict for $1,200. In August, 1918, the plaintiff was in the employ of the Great Northern Railway Company as a laborer. He and others were piling up railroad ties as they were thrown from the cars. The ties were piled in bunches of eight tiers, and the top of each tier was about 6 feet high. The ties were water soaked and weighed about 300 pounds. When putting on the top tier, the plaintiff had to lift his end of the tie 5 feet or more. This was done under the direction of the foreman of the company. While making such a lift the end of the tie slipped from the hands of the coworker of the plaintiff, and, falling to the ground, it jarred from the hands of the plaintiff the end of the tie, and it fell against him, knocked him down, and fell on his leg and foot with such force that it caused him to faint and become unconscious. His foot was badly bruised. The evidence shows that the work was done under the direction of the foreman of defendant, and it was dangerous for one man to life such heavy water-soaked ties to such a height, and that in such lifting it was no uncommon thing for men to get hurt.

Now, if defendant had provided two skids about 12 feet long, then all of the lifting and all of the danger might have been avoided by

placing one end of each skid on the ground and the other end on the pile of ties, and skidding or slipping each tie up the skids. That would have made the work light and easy.

The law of the case has been stated by this court. Lilly v. Elm Point Min. Co. 45 N. D. 464, 178 N. W. 128.

"One who, for a good consideration, promises to serve another, must perform the services, and must use ordinary care and diligence therein." Comp. Laws, § 6112.

"An employee must substantially comply with the directions of his employer concerning the services in which he is employed." Comp. Laws, § 6115.

"An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed." Comp. Laws, § 6109.

"An employer must, in all cases, indemnify his employee for losses caused by the former's want of ordinary care." Comp. Laws § 6108.

"The common carriers by steam railroads are liable in damages for injury to employees resulting, in whole or in part, from the negligence of any officer, agent, or employee of such carrier, or by reason of any defect of insufficiency due to its negligence or defect in its cars, engines, or appliances." Laws 1915, chap. 207.

Here there was a defect in the appliances for piling up the heavy water-soaked ties, and by reason of such defect the injury resulted. As in the case cited, the court said: "The superintendent had no right to order or even permit him [the plaintiff] to do what was dangerous or to work in an unsafe place." So, in this case, the company, by its foreman, had no right to order or permit the plaintiff and his coworker to take the chances of injury by lifting heavy water-soaked ties to the heighth of 5 feet.

After the injury the plaintiff was taken to a hospital of defendant, and there nursed and treated for twenty-three days, and then given $70 on signing a release of damages. But as the release was made within thirty days after the injury, it was voidable. Laws 1917, chap. 179.

It is insisted that the verdict is excessive, but that was a question of fact for the jury, and another jury might well give a greater verdict. When a party has to receive his damages at the end of a lawsuit, the expense is justly a matter of consideration. It is more than

probable that, before any action was commenced or expense incurred, defendant might have made a fair and legal settlement for a sum much less than the verdict. Poor men are not commonly fond of litigation. The record shows no material error. Defendant has had a fair trial. The verdict is well sustained by the evidence.

Affirmed.

CHRISTIANSON, Ch. J., concurs.

BRONSON, J. (specially concurring). I concur in the affirmance of the judgment. The alleged negligence of the defendant is based upon the failure to furnish sufficient assistance to the plaintiff in doing the work assigned to him. Upon the whole record I am of the opinion that the evidence adduced, although not strong, was sufficient to form a question of fact for the jury in this regard. Likewise, plaintiff's contributory negligence and his assumption of the risk were questions of fact for the jury. The instructions of the trial court were fairly given; upon the record the verdict may not be held by this court excessive. Pursuant to chapter 179, Laws 1917, commonly termed the Anti-ambulance Chasing Act, it was not necessary for the plaintiff to deposit in court the moneys received in settlement.

GRACE, J., concurs.

BIRDZELL, J. (concurring specially). This is a close case. The negligence alleged is that of the foreman compelling the plaintiff to work at unloading heavy ties without giving him sufficient assistance. There is evidence that the ties were heavy, main line ties, some of them being made unusually heavy by being water soaked, and that ties of this variety required for their safe handling more than two men to a tie. On the whole record I am not prepared to say that there was not sufficient evidence to form a question of fact for the jury.

CHRISTIANSON, Ch. J. (concurring specially). While the case is a close one, I am not prepared to say as a matter of law that plaintiff's injuries were not, at least partly, attributable to defendant's negligence. Nor do I believe it can be said as a matter of law that plain-

tiff assumed the risk. Of course, the contributory negligence on the part of the plaintiff would not operate as a bar to the action. "It is only when the employee's act is the sole cause—when the employer's act is not part of the causation—that the employer is free from liability" under either the Federal or the State Employer's Liability Acts. See § 8657, U. S. Comp. Stat. chap. 207, Laws 1915; Koofos v. Great Northern R. Co. 41 N. D. 176, 170 N. W. 859. Nor is there any contention made by the appellant in this case that the law is otherwise. And the record shows that the trial court gave proper instructions on the subject of contributory negligence under the Employer's Liability Acts.