### ATLANTIC COAST LINE R. CO. v. BANKS.

(Circuit Court of Appeals, Fourth Circuit. March 31, 1923.)

No. 2051.

1. **Master and servant** ⊜⟹286(39), 289(37)—**Negligence in directing freight handling and contributory negligence held for jury.**

In an action under the federal Employers' Liability Act for injuries to a freight handler, who was so short as to be designated a dwarf by one witness, evidence *held* to make proper the submission to the jury of the issues of the negligence of defendant's foreman in directing the servant to attempt to hold upright an article which had been placed in the car

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

until it could be braced by other articles and of plaintiff's contributory negligence in attempting to perform that work.

2. Master and servant ⬳288(4)—Assumption of risk by freight handler obeying order held for jury.

An freight handler, who had served many years under the same foreman, did not as a matter of law assume the risk of attempting, under the directions of his foreman, to hold upright in a car a long flexible panel, which fell on him and broke his leg, where he had never before handled any article of the kind.

3. Master and servant ⬳295(7)—Instruction on assumption of risk by freight handler obeying order held correct under evidence.

An instruction on assumption of risk, which stated plaintiff could not recover if what he was ordered to do was so patently and obviously dangerous that a person of his intelligence was justified in refusing to carry out the orders, was sufficient in an action for an injury to a freight handler, when a panel which he had been directed to hold upright in a car until it could be braced fell over on him.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Action at law by John Banks against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. Laurence Brooke, of Norfolk, Va. (Wm. Baird McIlwaine, of Petersburg, Va., on the brief), for plaintiff in error.

R. T. Thorp, of Norfolk, Va., for defendant in error.

Before WOODS and ROSE, Circuit Judges.

ROSE, Circuit Judge. The defendant in error was plaintiff below and the plaintiff in error the defendant, and they are so styled here. The case arises under the federal Railway Employers' Liability Act. The plaintiff was an unusually short colored man; indeed, the medical witness for the defendant calls him a dwarf. He was, however, under ordinary circumstances, quite able to hold his place in one of the defendant's gangs of freight handlers, in which he had worked for a number of years, on occasion wheeling on the usual trucks bales of cotton, barrels of whisky, etc.

On the morning upon which he was injured his gang under the direction of the warehouse foreman began to put into freight cars a number of articles, variously described as building materials and as furniture. The accident was occasioned by the first of these to be handled, and is the only one of them with which we are concerned. From the descriptions, it appears to have been a panel some 8 feet high and from 14 to 16 feet long. According to the defendant's testimony, the weight of it probably did not exceed 225 pounds. It must have been quite thin. It is said to have been crated, but in what manner is not described. Under the direction of the foreman, it was stood up against one of the sides of an otherwise empty freight car. It had to be placed upright, because it was too flexible to be put in an inclined position. With its narrow base, it could not be depended upon to stand alone, so the foreman instructed the plaintiff to stay and hold it in place until the other pieces were brought in and all of them properly

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

secured. He says he asked the plaintiff whether he could hold it alone,. and the plaintiff answered, "Yes." The plaintiff denies that any such conversation took place. Whether it did or not was a jury question,. with which we are not concerned.

The plaintiff's first station was at that end of the panel nearest the car door. The foreman says he told him to take hold at that end, but he did not by the instruction intend that the plaintiff should be bound. to stay at that particular place, and indeed had not given any thought as to where he should stand. What his first position was is therefore unimportant, except as tending to explain what afterwards happened. Plaintiff was the only witness of what took place. He says that, after the rest of the gang had left, he noticed that the upper corner of the portion of the panel fartherest away from him began to bend over. To better support it, he moved to its middle and tried to hold it up. He failed, and it came down upon him and broke his leg. He says he had never before been called upon to handle a similar piece of freight, and while the foreman testified that such articles are not uncommon, he could not say that the plaintiff had previously had. anything to do with them.

[1] The question as to whether it was negligence for the foreman to direct any one man, and especially so short a man as Banks, to attempt to hold up this peculiar article, was fairly left to the jury, and their verdict is conclusive. They were also given an opportunity to pass on whether the plaintiff was guilty of contributory negligence,. and were instructed as to the effect such negligence would have upon the amount of damages. From the record before us, it was all, or more than all, the defendant could on this point ask.

[2] There is nothing in the case which would have justified the court below in holding that, as a matter of law, plaintiff assumed the risk of possible injury. He says he had never before handled any freight of the kind. He was entitled to rely upon his foreman's better knowledge, unless he could for himself see and appreciate the danger. Whether he could or should have done so was also a question for the jury. His recovery is not precluded by the mere fact that, when he thought the article of freight intrusted to his care was about to fall and suffer injury, he did what he could to protect it.

[3] The defendant further says that the instruction given by the learned court below as to the assumption of the risk was neither accurate nor adequate. It told the jury that the plaintiff was not entitled to recover, if they found what he was ordered to do was so patently and obviously dangerous that a person of his intelligence was justified in refusing to carry out the order of his superior. Whether,. under every conceivable state of facts it would be an altogether satisfactory statement of the law, we need not here inquire. Under those here in evidence, it sufficiently directed the attention of the jury to the real issue upon which they were to pass. Was the danger of obeying the order so obvious that a person of the plaintiff's intelligence must be held to have appreciated it, so that, in spite of his many years. of service under this foreman, he should have refused obedience, if he was not ready to take the chances of harm coming to him.

Affirmed.