Preble v. Union Stock Yards Co.

BERTHA PREBLE, ADMINISTRATRIX, APPELLEE, V. UNION STOCK YARDS COMPANY, APPELLANT.

FILED MAY 15, 1923. No. 22285.

1. **Master and Servant:** INJURY TO SERVANT: LAST CLEAR CHANCE. Where an engineer sees a brakeman on the side ladder of a car on a moving train in a switch-yard in a position that may become dangerous if the brakeman does not change his position, but the engineer knew that the brakeman was fully aware of the perilous situation he was approaching, and had ample time and a convenient way to avoid the danger by stepping to the end ladder or getting on top of the car, and the engineer believed, and was justified in believing, that the brakeman would so protect himself, it was not the duty of the engineer to keep the brakeman under observation, and stop the train before the point of danger was reached. In such a situation the doctrine of "the last clear chance" is not applicable.

2. ———: CARE REQUIRED. When there are two methods provided to accomplish the same act, one safe and the other unsafe, and both methods are known to the employee, he is bound to use the safe method.

3. ———: FEDERAL EMPLOYERS' LIABILITY ACT: CONSTRUCTION. The federal court interpretation of the federal employers' liability act must prevail over any state law or rule of interpretation of a state court.

4. ———: ———: ASSUMPTION OF RISK. In a case arising under the federal employers' liability act, the statute of Nebraska, section 8833, Comp. St. 1922, which abrogates the assumption of risk of an employee of a railroad company, where the railroad company is guilty of negligence, is not applicable, and the federal law as to assumption of risk is controlling on the state courts.

5. ———: ———: ———: BAR. "Assumption of risk is a bar to the action, in a case governed by the federal employers' liability act, and does not. like contributory negligence, operate merely in reduction of damages." *Pryor v. Williams,* 254 U. S. 43.

6. ———: ———: INJURY TO SERVANT: ASSUMPTION OF RISK. An experienced brakeman who had full knowledge of a dangerous

construction of side-tracks in a railroad company's switch-yard, and the hazard incident to service in such yards, and continued his employment without objection, assumed the risk incident to his employment in a case arising under the federal employers' liability act.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Reversed.*

*Brown, Baxter & Van Dusen* and *R. R. Ryan,* for appellant.

*Gray & Brumbaugh* and *John M. Macfarland, contra.*

Heard before MORRISSEY, C. J., ROSE, LETTON, ALDRICH, DEAN and DAY, JJ., RAPER, District Judge.

RAPER, District Judge.

This is an action by an administratrix to recover damages for negligence in causing the death of her alleged husband, Howard Preble, and is based upon the federal employers' liability act.

The petition alleges that defendant is a common carrier engaged in interstate commerce, and that defendant was negligent in the following particulars: (1) That the engine used by defendant at time of the accident was not properly equipped with a headlight, as required by rule 131 of the interstate commerce commission; (2) that the defendant maintained and operated tracks and switches parallel with each other under a long shed, so close together that, when cars were run on said tracks opposite each other, it was a dangerous place for employees; (3) that the shed was dark and not properly lighted; and (4) that the engineer saw the deceased in a place of danger and negligently failed to stop before the two freight cars came opposite each other. The defendant denies all the alleged negligence, pleads contributory negligence and assumption of risk, and denies plaintiff's marriage with the deceased. The cause was submitted to the jury, which returned a verdict for plaintiff, and judgment was entered thereon.

There is no dispute in the material facts pertinent to

the condition of the tracks, and the lighting, and what took place at the time of the death of Howard Preble, who was employed by defendant as a switchman. Defendant's switch crew, consisting of the deceased, two other switchmen, the fireman, and engineer, went on duty at 4 p. m. of November 20, 1920. Their work was to take loaded cars from loading platforms, and replace them with empties, and were then engaged in interstate commerce. Defendant maintained a shed to cover the tracks between two loading docks. The sheds, about 16 car-lengths long, were lighted by 30 to 40 electric lights placed in the top. Under this shed between the two loading docks are 3 tracks running nearly parallel east and west, the north numbered 3, the center one numbered 4, and the other numbered 5. At a point 4 car-lengths from west end of shed from the south rail of track 3 to the north rail of track 4 is 5 feet and 9 inches, leaving a space between cars opposite each other on those tracks, as plaintiff computes, of about 9 inches. Between 6 and 7 o'clock deceased assisted in placing 4 cars on the west end of track 3. About 9 o'clock the crew had their engine and some cars east of the switch at east end of track 4. Deceased turned the switch to track 4, climbed to top of first car back of engine, and signaled engineer to go ahead, then deceased started to climb down the ladder on the side of the car. The deceased was about 200 feet from the stationary cars on track 3 when the engineer observed him at that time, and deceased being "in the clear," as the engineer expressed it, the engineer had no thought of danger, and then turned his face toward the west on the lookout for signals, and paid no further attention to deceased, as he supposed deceased would not remain on the side ladder until the cars on track 3 were reached. The engineer saw the car on track 3, before he was within 200 feet of it. The engine kept moving, and the engineer happened to look back when he had passed the first car on track 3, and saw deceased "rolling" between the cars, part of his body being above the roof of

the cars. The crushing between the cars, or "rolling," as the railroad men termed it, fatally injured deceased. Howard Preble was an experienced switchman, and had worked for defendant in these yards for 8 or 9 months, and must have been fully aware of the construction of the tracks and the danger he would encounter if he stayed on the side ladder of the car until it reached the standing cars on track 3. All the cars had a side ladder and end ladder, and it was the custom of switchmen, when they were on moving cars liable to pass moving or standing cars on an adjoining track, to use the end ladder instead of the side ladder.

The allegations of negligence 1 and 3 are not sustained by plaintiff's own testimony, and the verdict cannot be upheld on either of the alleged acts.

On the question of liability on the last clear chance theory, it will be noticed from the statement of the facts that the engineman, when 200 feet from the cars on track 3, saw the deceased on the side ladder of the car behind the engine, and supposed and had the right to assume that deceased would not remain in that dangerous place, and, after having received the signal from deceased to go ahead, the engineer turned toward the front of the train to look for signals, as was his duty. There was no further duty resting on the engineer to keep his face toward the deceased, and watch him. The deceased knew the danger of remaining on the side ladder, and knew where the cars had been left on track 3. In *Robbins v. Pennsylvania Co.*, 245 Fed. 435, the court gives this rule: "The doctrine of 'last clear chance' takes account of the acts and omissions of both the person injured and the defendant, and applies only where the defendant has either actual notice or is fairly chargeable with notice of the peril of the person injured, and negligently fails to avoid the injury." The evidence does not establish negligence of the engineer, hence recovery cannot be based thereon.

The proximity of the tracks created a very dangerous

place for the switchmen to work, and this ground of negligence is proved beyond question. The situation also discloses that deceased was fully aware of every element of danger connected with his work at the place, and never made complaint or objection thereto, and defendant contends that he voluntarily assumed the risks of the dangers necessarily inherent in his work there. It is the duty of the state courts to follow the interpretation of the federal courts as to the federal employers' liability act. *Bennett v. Atchison, T. & S. F. R. Co.,* 191 Ia. 1333. While our statute, section 8833, Comp. St. 1922, abrogates assumption of risk where the carrier is negligent, that statute cannot be applied in this case. *Pryor v. Williams,* 254 U. S. 43. That case also holds: "Assumption of risk is a bar to the action, in a case governed by the federal employers' liability act, and does not, like contributory negligence, operate merely in reduction of damages."

Under the federal employers liability act, if an employee knows of a defect and appreciates the risk that is attributable to it, then he assumes the risk, even though it arises from the master's breach of duty, if he continues in the employment without objection. 1 Roberts, Federal Liability of Carriers, secs. 558, 559.

The undisputed facts establish that deceased was an experienced switchman in full possession of his faculties, that he knew the dangerous proximity of the tracks, and that it was an unsafe place to be on the side ladder, and, under the circumstances, assumed the risk. Inasmuch as the cause must be reversed because of the matters above stated, it is unnecessary to advert to the question of the sufficiency of the evidence to prove a common-law marriage between plaintiff and deceased.

Cause reversed and remanded.    Reversed.