This appeal is from an order of the district court of Burleigh county denying plaintiff's motion for judgment notwithstanding the verdict.
The defendant sold a piano to plaintiff. Only a portion of the price was paid at the time of purchase. For the balance the defendant took an instalment note secured by a conditional sale contract, or chattel mortgage, the particular character of which is immaterial to the determination of this appeal. This instrument so taken provided that in default of payment as stipulated therein the defendant was authorized to retake the piano and sell it in satisfaction of its claim against the plaintiff. Plaintiff made a portion of the payments as required by the contract and then defaulted. He claimed that there was a defect in the piano and for that reason refused to pay. On December 26th, 1923, defendant's attorney, seeking collection of the claim against the plaintiff, went to plaintiff and told him that he must either pay all delinquent payments or give the defendant the piano in settlement of the claim, or defendant would bring an action to foreclose the contract. Whereupon plaintiff said that he could buy a piano that suited him as well, or suited his purpose as well, for less money than he owed on the piano he had bought from the defendant, and further said: "You can just come and take the piano." (We give defendant's version of the conversation). Defendant's attorney then sent the drayman for the piano and it was turned over to him by plaintiff. Defendant did not surrender the notes and contract to plaintiff or give him any writing evidencing the transaction, nor did the plaintiff ever demand the surrender of such notes and contract. Thereafter on March 8th, 1924, plaintiff began this action for damages claiming a conversion of the piano. He made no demand upon the defendant for the piano prior to the initiation of the action.
Plaintiff in his complaint set out that he was the owner of the piano; that the same was wrongfully converted by the defendant, and asked damages in an amount equal to the value of the piano. The defendant answering set up, among other things, the sale of the piano, the execution of the notes and contract for the unpaid portion of the purchase *Page 192 
price, and an accord and satisfaction in that the plaintiff had turned over and surrendered the piano to defendant in full settlement and satisfaction of the claim against the plaintiff and that it was so taken and received by defendant. The cause was tried to a jury. At the close of the plaintiff's case, the defendant moved for a directed verdict. The motion was denied. At the close of the whole case the plaintiff moved for a directed verdict on the ground that the evidence did not establish an accord and satisfaction or any defense. This motion was also denied. The issues were submitted to the jury which returned a verdict for the defendant. Judgment was entered thereon. Thereafter the plaintiff moved for judgment notwithstanding the verdict predicated upon the insufficiency of the evidence to sustain the same. The motion was denied. This appeal is from the order so entered.
On this appeal no rulings on questions of evidence are challenged. No complaint is made on account of the instructions under which the cause was submitted to the jury. The sole question for consideration is as to the sufficiency of the evidence to sustain the verdict as returned. Plaintiff contends that the sole defense pleaded by the defendant is that the piano was taken in satisfaction of an accord, and that the evidence does not establish this defense. Defendant challenges the propriety of the motion for judgment notwithstanding the verdict as made by the plaintiff, but it will not be necessary to pass upon the question thereby raised. Assuming that the foundation for the motion was properly laid, we are of the opinion that there was no error on the part of the trial court in denying the same. In considering the propriety of the trial court's rulings, both in denying the motion for directed verdict and in denying the motion for judgment notwithstanding the verdict, we must adopt that view of the evidence which is most favorable to the defendant; that is, if there is in the record testimony which, if believed by the jury, is sufficient to sustain the defendant's view of the case, the verdict is good and must stand. Plaintiff urges that under the evidence, howsoever it may be viewed, no accord and satisfaction can be said to be established. We think, however, that plaintiff's position in this respect cannot be sustained. Under the statute, § 5825, Comp. Laws 1913:
"An accord is an agreement to accept in extinction of an obligation *Page 193 
something different from or less than that to which the person agreeing to accept is entitled."
— and § 5827, Comp. Laws 1913, provides:
"Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction."
We think that there was at least a question of fact for the jury as to whether the transaction between defendant's counsel and plaintiff on December 26th, reference to which has heretofore been made, and under which the defendant took the piano, constituted an accord and satisfaction under the statutory definition. If the plaintiff turned over the piano in satisfaction of the claim against him, and the defendant accepted it in satisfaction of that claim, then, and in that event, there was an accord and satisfaction within the statute. This was a question of fact to be determined by the jury. They found for defendant. The record, viewed in the light most favorable to the defendant, sustains their finding. That being the case the ruling of the trial court was proper and the order must be affirmed.
It is so ordered.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.