# Fox et al. *v.* Lehigh Valley R. R., Appellant.

*Negligence—Railroads—Master and servant—Federal Employers' Liability Act—Contributory negligence—Fellow servant rule —Assumption of risk.*

1. Under the Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, contributory negligence does not defeat the right of recovery.

2. The defense of the negligence of a fellow servant is not available to defendant under the Federal Employers' Liability Act.

3. An employee assumes only the risk of those ordinary dangers that are normally and necessarily incident to his occupation, and also those risks and dangers, sometimes characterized as unexpected and extraordinary, that become known to him or are plainly observable.

4. The doctrine of assumption of risk has no application when the negligence of a fellow servant, which the injured party could not have foreseen or expected, is the sole, direct and immediate cause of the injury.

5. While it is the duty of an engineer and fireman to note each signal as they reach it, no such duty, in the absence of specific rules covering him, is imposed upon a traveling fireman who is employed to instruct firemen and engineers as to the proper firing of locomotives, such an employee was not required under the instructions shown in this case to observe signals.

Argued January 23, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 4, Jan. T., 1928, by defendant, from judgment of C. P. Bradford Co., May T., 1924, No. 61, on verdict for plaintiff, in case of John A. Fox and Nora A. Fox, administrators of John Fox, deceased, v. Lehigh Valley Railroad Co. Affirmed.

Trespass for death of plaintiffs' intestate. Before POTTER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $5,500. Defendant appealed.

*Errors assigned* were various instructions, quoting record.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellants.—The instructions as to assumption of risk were erroneous: Seaboard Air Line v. Horton, 233 U. S. 492; C., R. I. & P. Ry. v. Ward, 252 U. S. 18; Chesapeake & O. Ry. v. DeAtley, 241 U. S. 316; Erie R. R. v.

Purcuker, 244 U. S. 321; Boldt v. R. R., 245 U. S. 441; Reed v. Director General, 267 Pa. 92; Curtis v. R. R., 267 Pa. 227.

The instructions as to contributory negligence were inadequate: Waina v. Penna. Co., 251 Pa. 213.

*John C. Ingham,* for appellees.—There was no question of assumption of risk: Reed v. Director General of R. R., 258 U. S. 92; Seaboard Air Line v. Horton, 233 U. S. 492; Second Employers' Liability Cases, 223 U. S. 1; C., R. I. & P. Ry. v. Ward, 252 U. S. 18.

The Federal Employers' Liability Act places a coemployee's negligence, when the ground of action, in the same relation as that of the employer, as regards assumption of risk: N. Y. C. R. R. v. Carr, 238 U. S. 260; Ches. & Ohio Ry. v. DeAtley, 241 U. S. 310; Dutrey, Admx., v. Ry., 265 Pa. 215, 219; McAvoy v. R. R., 283 Pa. 133, 137; McCully v. Ry., 289 Pa. 393, 399-400.

If there were any facts which would show that the traveling fireman, notwithstanding the Federal Employers' Liability Act, assumed the risk in this case, then the burden of proof was upon defendant to show them: Buehler v. Ry., 280 Pa. 92, 96; Dutrey, Admx. v. Ry., 265 Pa. 215, 220.

OPINION BY MR. JUSTICE SCHAFFER, March 12, 1928:

John J. Fox, son of plaintiffs, who sue as his administrators, was employed by defendant as a traveling fireman on its locomotives. He was killed in a collision between the fast passenger train on which he was working and two freight engines and caboose, due to the fact that neither the engineer nor the fireman observed, or, if they observed, obeyed the signals which warned them of the danger ahead. The engineer and fireman were also killed in the collision. Damages were recovered by plaintiffs in the court below and this appeal is by defendant from the judgment entered.

Appellant argues that the jury was not properly directed to pass upon the deceased's assumption of the risks of his employment and that the issue of his contributory negligence was not properly submitted. The accident was due to the fact that none of the persons on the locomotive gave heed to the danger signals; if they had the collision would not have occurred. We are convinced that the signals were in working order and properly set, indeed defendant says they were. It follows, therefore, either that the engineer and fireman were not watchful for the signals, as their duty required them to be, or that plaintiffs' decedent was not, if his duty required him to observe them, which is a disputed point in the case. If it was the decedent's duty to observe (and we think it was not shown that it was) and he failed to notice them, he was guilty of contributory negligence; but under the Federal Employers' Liability Act (Act of April 22, 1908, c. 149, 35 Stat. 65) this does not defeat the right of recovery. Quoting from the act, "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." Appellants' challenge of the trial judge's instructions on the subject of contributory negligence cannot be sustained. We conclude the jury after hearing them must have understood what was required of it in making up the verdict.

If the negligence was that of the engineer or fireman or of both in failing to observe or heed the signals, then it was that of fellow servants and the defense of the negligence of a fellow servant is not available to defendant under the Federal Employers' Liability Act, the first section of which has the effect of abolishing in this class of cases the common law rule that exempted the employer from responsibility for the negligence of a fellow employee of the plaintiff: Seaboard Air Line Ry. v. Horton, 233 U. S. 492; Second Employers' Liability Cases, 223

U. S. 1, 49; 38 L. R. A., N. S. 44; Chicago, Rock Island & Pacific Ry. Co. v. Ward, 252 U. S. 18; Chesapeake & Ohio Ry. Co. v. DeAtley, 241 U. S. 310; Roberts Federal Liability of Carriers, vol. 1, section 428. The act expressly says that every common carrier by railroad engaged in interstate commerce shall be liable to any person suffering injury while he is employed by such carrier "for such injury or death resulting in whole or in part from the negligence of any of the......employees of such carrier."

The only situation in which the doctrine of assumption of risk would possibly have any application here is that Fox actually was aware of the fact that the train was being operated at the rate of fifty-five miles an hour past danger signals and continued in his employment (although it is difficult to see what else he could have done). The court left it to the jury to say whether decedent assumed the risk and this was as much as defendant was entitled to; the burden of proof as to this was on it: Buehler v. Phila. & Reading Ry. Co., 280 Pa. 92. Far from showing, as required, that decedent was aware of the existence of the unusual and extraordinary speed (Buehler v. Phila. & Reading Ry. Co. supra), our reading of the testimony leads us to the conclusion that Fox must have been engaged in firing the locomotive when the signals were passed, for his body was found between the engine and the tender, from which place he could not see the signals. An employee assumes only the risk of those ordinary dangers that are normally and necessarily incident to his occupation and also those risks and dangers, sometimes characterized as unexpected and extraordinary, that become known to him or are plainly observable: Schlemmer v. Buffalo, Rochester & Pittsburgh Ry. Co., 220 U. S. 590. As to the latter, he must exercise care to discover them but he may assume, until notified to the contrary, that his employer and fellow employees have and will exercise proper care with respect to his safety unless the

want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them: Chesapeake & Ohio Ry. Co. v. DeAtley, 241 U. S. 310; Chicago, Rock Island & Pacific Ry. Co. v. Ward, 252 U. S. 18. The doctrine of assumption of risk certainly has no application when the negligence of a fellow servant which the injured party could not have foreseen or expected is the sole, direct and immediate cause of the injury: Reed v. Director General, 258 U. S. 92.

It is true that the trial judge said little, in his charge, regarding assumption of risk but there is, under the proofs, little place for it in the case. Counsel for appellant have confused the doctrine somewhat with contributory negligence, a thing often done: Roberts Federal Liabilities of Carriers, vol. 1, sections 562 and 566. A finding in this case that decedent assumed the risk of the engineer's negligence (see Roberts, id., section 560) would necessarily be based on mere conjecture.

There is no question that it was the duty of the engineer and fireman to note each signal as they reached it and to call it from one to the other; it is argued that this was also the duty of plaintiffs' decedent as traveling fireman. In the printed rules of the company his duties were laid down as being to instruct the regular firemen in the proper method of firing the locomotive and in the careful handling of fuel, and to instruct engineers, in so far as the pumping and handling of engines effect fuel economy. He was required to demonstrate by actually firing the locomotive how to bring about the desired result and was directed to follow up each fireman and to report whether he was improving. Nothing was said in the printed rules about it being a duty of the traveling fireman to observe signals. There was testimony as to verbal instructions being given by their superiors to other traveling firemen in this regard, but no one said any such verbal rules or commands were given to Fox, hence there was no proof of such

duty imposed upon him and the argument of his violation of it is extraneous.

We have considered all the assignments of error; none would justify a reversal.

The judgment is affirmed.