ALBERT W. CAMPBELL, APPELLANT, V. CHICAGO, ROCK
ISLAND & PACIFIC RAILWAY COMPANY, APPELLEE.

FILED JANUARY 2, 1931. No. 27471.

*Lower & Sheehan,* for appellant.

*Guy C. Chambers, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON,
EBERLY and DAY, JJ.

GOSS, C. J.

This is an action for damages for personal injuries re-
ceived by an employee under the federal employers' liabil-
ity act. At the close of the evidence on behalf of plaintiff,
the court sustained defendant's motion to dismiss.

Plaintiff had been employed by defendant as a section-
hand for about a year. He had worked for the Burlington
railroad at one time for almost five years. One year of that

service was as a section-hand and the rest was on the paint gang and on the bridge gang. He was about 44 years old and had an eighth grade education.

The injury occurred May 29, 1929, on the main line about three miles east of Havelock. Plaintiff was a member of a gang relaying new steel rails in the place of old. They had been at this work about three days. The spikes holding several rails to the ties would be pulled and this line of rails, still held together at their ends, would be detached from the track at one end of the line and then pulled over to the edge of the ballast from that end. This left the last length of rail still attached to the track at the other end of the line of old rails in process of removal and replacement, so left because it is often necessary to cut this rail in connecting up the new rails with the old in order not to interrupt train service. It left the old rails still attached together by plates or angle bars. These angle bars are plates or pieces of iron used to connect the two rails by means of bolts through the plates on either side of the rails and through the rails themselves. It was necessary to unscrew the bolt nuts and knock off these angle bars in order to detach the rails. Plaintiff had helped to push the rails out. The foreman told plaintiff to take a maul or sledge and knock the angle bars off. Plaintiff testified that he walked to the middle of the track where the sledge was, took it and proceeded to knock off the angle bar that connected the pushed-out line of old rails with the other end of the rail still left attached to the main line by one end; that when the angle bar was knocked loose that end of that rail flew about 18 inches back to the track, hit him on the left ankle and broke it; that the foreman gave him no directions as to where he should stand; that the end of the rail where he disconnected it was up eight or ten inches, he supposed, from the ground.

It was agreed on the trial that the injury arose out of and in the course of plaintiff's employment in interstate commerce. Therefore, the terms of the federal employers' liability act govern.

"Assumption of risk is a bar to the action, in a case governed by the federal employers' liability act, and does not, like contributory negligence, operate merely in reduction of damages." *Pryor v. Williams,* 254 U. S. 43; *Preble v. Union Stock Yards Co.,* 110 Neb. 383. "Such dangers as are normally and necessarily incident to the occupation are presumably taken into the account in fixing the rate of wages. And a workman of mature years is taken to assume risks of this sort, whether he is actually aware of them or not." *Seaboard Air Line Railway v. Horton,* 233 U. S. 492.

It is apparent from the evidence that the danger of the attached rail springing back toward its former position on the track was obvious. The plaintiff demonstrated in the presence of the court and jury just where he stood when he knocked off the angle iron. While the demonstration is not fully depicted in the words transcribed, it indicates that plaintiff stood on the inside of the rail, whereas, if he had stood on the outside or beyond the end of the rail, it would not have struck him in its sweep back toward its former position when it was released. He had merely been ordered to knock off the iron with the sledge. Where he should stand was not indicated by the foreman nor was he warned of danger incident to carrying out the order. Where the plaintiff's knowledge of the situation and of whatever danger existed was at least equal to that chargeable against the defendant, the plaintiff was not entitled to a warning. *National Biscuit Co. v. Nolan,* 70 C. C. A. 436, 138 Fed. 6, 12, cited with approval in *Missouri P. R. Co. v. Aeby,* 275 U. S. 426; 3 Labatt, Master and Servant (2d ed.) secs. 1113, 1142, and 1148; *Atchison, T. & S. F. R. Co. v. Wyer,* 8 Fed. (2d) 30. In the last cited case it was held by the circuit court of appeals in this circuit: "An employee assumes risks not ordinarily incident to his employment, provided he knows of them and appreciates the danger, or provided they are so plainly observable that he must be presumed to know them and to appreciate the danger."

Plaintiff describes *Rathjen v. Chicago, B. & Q. R. Co.,* 85 Neb. 808, as "almost identical with the one at bar." The cases are quite different. There the injured employee was engaged with others in removing one rail at a time. "The undisputed evidence shows that while loosening the rails, if they had become wedged, the inside of the track is a dangerous position. The plaintiff, in ignorance that the rails were wedged, in obedience to a command of the foreman, stepped inside the rail to pry or lift the rail with a crowbar. Another workman had been directed to pry the rail at the joint. As he proceeded to do this, the rail sprang, striking plaintiff, and others, and severely injuring him. *Held,* (a) that the proximate cause of the injury was the negligent command to the plaintiff to place himself in a position which was known, or ought to have been known, to the foreman as one of danger on account of the wedging of the rail, a fact which the foreman knew, and of which the plaintiff was ignorant." The foreman there directed him to stand inside of the rail and lift. In the instant case the foreman gave no orders as to where he should stand. In the *Rathjen* case "the proximate cause of the injury was the negligent command." In the instant case the foreman did not know anything about the rail which the plaintiff did not know. He had helped to detach one end of the line and to push the line of rails out to the edge of the ballast. This left the last rail still attached and taut. It was free to fly back when he removed its connection with the next rail because that end was, as he testified, several inches from the ground. The plaintiff's own negligence was the proximate cause of his injury. The court did not err in sustaining the motion to dismiss.

The judgment of the district court is

AFFIRMED.