[File No. 6464.]

GEORGE DeMOSS, Respondent, v. GREAT NORTHERN RAIL-
WAY COMPANY, a Corporation, Appellant.

(272 N. W. 506.)

Opinion filed April 8, 1937.

*Murphy, Toner & Kilgore,* for appellant.

414

*E. R. Sinkler* and *G. O. Brekke,* for respondent.

BURR, J.   The plaintiff, an employee of the defendant, was injured while working under the direction of a foreman in removing false decking from a freight car.   Plaintiff says he never performed such work before; that he was not familiar with the number of men required; that in removing the decking and taking it down some of it fell upon him and he was injured; and that this injury was caused "by reason of the negligence and carelessness of the said defendant in failing to furnish a sufficient number of men to do the work in which plaintiff was engaged, and by reason of the negligence and carelessness of the defendant in promising to furnish additional help to do such work and failing to do so, and by reason of the negligence and carelessness of the said defendant in ordering plaintiff to do such work without furnishing sufficient help to do such work in safety. . . ."

The defendant denies negligence and carelessness on its part and alleges that the "injuries and the resulting damage were the result of the plaintiff's own lack of ordinary care and his own contributory negligence."

Further, defendant alleges that "such injuries and the resulting damage in the manner and at the time and place same happened were received or resulted, were assumed, as was the risk thereof, by the plaintiff under his contract of employment."

At the close of plaintiff's case, the defendant moved the court to dismiss the action and to direct a verdict for the plaintiff, which motion was denied. At the close of the entire case the motions were renewed and denied. Verdict was returned in favor of the plaintiff and from the judgment based thereon defendant appeals.

There are eight specifications of error—three dealing with the court's rulings on the admission of testimony, three dealing with alleged errors in the instructions, and two alleging error of the court in overruling the motions to dismiss. Appellant states the issues as follows:

I. "Was the defendant guilty of any actionable negligence which proximately contributed to the plaintiff's damage?

II. "Was the defendant (plaintiff?) guilty of contributory negligence proximately contributing to his damage?

III. "Did the plaintiff assume the risk of the circumstances, dangers and hazards which caused his injuries and damage?"

Plaintiff had been in the employ of the defendant at Williston for some twelve years as a carpenter and mechanic. November 16, 1934 the car foreman, under whom he worked, ordered him to take down the "false decking" from a freight car in the yards, promising to send men to help him. (This promise is disputed.) This decking consisted of crating on the sides of a freight car to render it suitable for the transportation of sugar beets. These sides had two sections each and were attached to uprights by means of U bolts with the nuts on the outside. The crating was solidified by means of cross rods. The plaintiff commenced work by removing the cross rods and then proceeded to unbolt the sides from the uprights. To do this he stood on a ladder on the outside of the car, near where the two sections joined. Each section weighed about 390 lbs. He had been working about two hours and forty-five minutes when, while working without help, one of the sections fell out, struck the ladder, and knocked him to the ground, so he was severely injured.

Rule 44 for the guidance of the foreman and workers—which was

known to the plaintiff and the foreman—says, "Sufficient helpers will be furnished to handle such work as required. When experienced helpers are on duty and available, they will be used in preference to inexperienced men."

Failure to furnish sufficient help raises the issue of defendant's "actionable negligence which proximately contributed to plaintiff's damage."

Upon cross examination the foreman testified that when the decking was taken down it was carried into a shed, and plaintiff inquired, "And how many men were used in carrying them into the shed?"

Defendant's objection to this was overruled and the ruling is assigned as error on the ground that there was no question of lifting or carrying in the case, that perforce the lifting and carrying would occur after the accident, and the testimony was prejudicial. The probable weight of each section had been stated. The character, unwieldiness, and such features were pertinent to show whether it was negligence on the part of the defendant in assigning one man to handle such work. We see no error in the ruling.

A witness for the defendant, while testifying to examination of X-ray pictures of the injury, was asked if the injury received was common. Plaintiff's objection to the question was sustained. The witness was a practicing physician, employed by the railroad, and, doubtless, qualified to say whether or not such injuries were common to railroad employees. Later he testified to having considerable experience in the examination and treatment of such injuries. The materiality of the question is not apparent and so there was no error in the ruling.

A witness for the plaintiff, who had made an examination of him shortly after the injury, was asked if plaintiff complained of pain when the doctor was manipulating his foot. Defendant's objection was overruled. Later the doctor testified, without objection, that in forming his opinion he took into consideration what the plaintiff told him when he was making the examination. We see no error in the ruling.

In the instructions to the jury the court charged:

"The burden of proof is upon the defendant to prove by a fair pre-

ponderance of all the evidence that the plaintiff assumed the risk of his employment.

"'Assumption of risk' is a term in a contract of employment by which the employee agrees that dangers of injury obviously incident to the discharge of his duty shall be at the employee's risk. The assumption of risk appears to involve the fact of comprehension that a danger is to be encountered, and a willingness on the part of the employee to encounter it. The law as to assumption of the risk by the plaintiff applies only to the risk which the plaintiff knows and appreciates, or which in the exercise of due care he should have known and appreciated.

"It is for the jury to say whether or not the plaintiff in accepting the employment assumed the risks referred to, heretofore. Should the jury find that the injuries complained of grew out of a risk that was ordinarily incident to his employment, then your verdict should be for the defendant. Such a risk, however, is one that does not arise or grow out of negligence on the part of the defendant or his servants, except where the employee knows and appreciates such dangers arising from such negligence at the time of encountering them."
and further:

"I charge you that, although one who goes into a position which he knows to be dangerous must be deemed to have assumed all risks reasonably to be apprehended therefrom, he is not necessarily guilty of contributory negligence because he knew the danger from which his injury happened. His knowledge is evidence of contributory negligence, but not conclusive. The test is whether he actually exercised due care in acting."

Appellant says this is erroneous in that the assumption of risk appeared on the plaintiff's evidence and therefore the defendant did not need to offer any evidence at all and that in any event it was erroneous because it required the plaintiff to prove "the plaintiff assumed the risk of his employment" and that as a matter of law the plaintiff always "assumes the ordinary risks of such employment and no proof of that fact need be offered."

Appellant says that this portion of the charge was made unintelligible because

"The defendant pleaded both assumption of risk and contributory negligence, and both were issues in the case and the defendant was entitled to a clear cut, correct and intelligible instruction separately on each."

In instructing on contributory negligence the court said: "Contributory negligence in a legal signification is such an act or omission on the part of the plaintiff, amounting to a want of ordinary care as, concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of. To determine whether or not the plaintiff was guilty of contributory negligence in this case, such act must be measured by what an ordinarily prudent person under the same circumstances and surroundings would. have done."

The court further charged the jury that "The burden of proof is upon the plaintiff to prove the allegations of his complaint to your satisfaction by a fair preponderance of the evidence. . . . The defendant charges the plaintiff with contributory negligence and the burden of proof is upon the defendant to prove such contributory negligence by a fair preponderance of all the evidence in the case, unless on the whole case it appears affirmatively by a fair preponderance of the evidence that the plaintiff was guilty of contributory negligence."

Under the Federal Employers' Liability Act, § 3 (45 U. S. C. A. § 53) contributory negligence is not a bar to recovery in any event, though under some circumstance it may result in a diminution of damages, and in its brief defendant admits "contributory negligence is not cause for dismissal or a directed verdict." This disposes of the second issue.

Appellant claims that "A mere definition of contributory negligence is not a sufficient instruction on that subject and when the question is in the case it is the Court's duty to give a specific instruction as to when under the facts the plaintiff might or might not be guilty of such negligence."

The jury could not be misled by the instructions given. It was made clear to them that the "risks" which the plaintiff assumed were such risks as were the ordinary effects of the particular work in which.

he was engaged, and that before he could recover, it had to be proved that the "risk" which caused the injury was one created by the negligence of the defendant and not one that was incidental to the work itself. Defendant made no request for instruction and where the court instructs properly on the issues appellant cannot complain that more explicit instructions were not given, in the absence of request. Andrieux v. Kaeding, 47 N. D. 17, 28, 181 N. W. 59; Farmers Exch. State Bank v. Iverson, 51 N. D. 909, 201 N. W. 509.

The real issue in the case is the sufficiency of the evidence to justify submission to the jury, and in the main this centers around the "risk" that caused the injury. A motion for a directed verdict merely raises the question of the legal sufficiency of the evidence to sustain a verdict against the moving party. Thompson v. Smith, 45 N. D. 479, 178 N. W. 430; Taylor v. Minneapolis, St. P. & S. Ste. M. R. Co. 63 N. D. 332, 248 N. W. 268. In determining this question we do not consider conflicting testimony but adopt the view of the evidence which is most favorable to the other party, the plaintiff in this case. Chubb v. Baldwin Piano Co. 54 N. D. 189, 192, 208 N. W. 975. Such motion merely raises the question of whether there is substantial evidence to take the case to the jury and does not involve the discretionary power of the courts in determining the weight of the evidence.

Under the provisions of the Federal Employers' Liability Act (45 U. S. C. A. §§ 51–59) governing common carriers, assumption of risk is a valid defense unless the carrier has violated some statute enacted for the safety of the employee and the violation contributes to the injury (Kennelly v. Northern P. R. Co. 48 N. D. 685, 697, 186 N. W. 548), and if proved is a bar to the action. Pryor v. Williams, 254 U. S. 43, 65 L. ed. 120, 41 S. Ct. 36; Preble v. Union Stock Yards Co. 110 Neb. 383, 193 N. W. 910. It differs from contributory negligence in that it is positive rather than negative. Assumption of risk implies knowledge of the danger and willingness to encounter it, whereas negligence comes from inattention or oversight. See Seaboard Air Line R. Co. v. Horton, 233 U. S. 492, 58 L. ed. 1062, 34 S. Ct. 635, L.R.A.1915C, 1, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834; Charlton v. St. Louis & S. F. R. Co. 200 Mo. 413, 98 S. W.

529, 536, The distinction is noted and discussed in Kennelly v. Northern P. R. Co. 48 N. D. 685, 186 N. W. 548, supra. However, this distinction disappears when we reach the point where the danger caused by the negligence of the employer becomes so open and obvious that the employee may be said to be guilty of contributory negligence in proceeding with the work. See Donahue v. Louisville, H. & St. L. R. Co. 183 Ky. 608, 210 S. W. 491, 493.

Whether the employee assumed the risk is to be determined by the construction of the statute under the rules laid down by the Federal Supreme Court. Seaboard Air Line R. Co. v. Horton, 233 U. S. 492, 58 L. ed. 1062, 34 S. Ct. 635, L.R.A.1915C, 1, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834, supra; Jones v. Norfolk Southern R. Co. 176 N. C. 260, 97 S. E. 48, 50, 19 N. C. C. A. 258.

The burden of proof on this issue is upon the employer. Kanawha & M. R. Co. v. Kerse, 239 U. S. 576, 60 L. ed. 448, 36 S. Ct. 174.

It may be said that all labor has some risk attached thereto, some arising from the place where the work is to be performed, others from the work itself, and frequently a combination of both. The employee acting under the orders or direction of a superior may be justified in carrying out the order even though it exposes him to a peril of which he is aware. 4 Labatt, Mast. & S. 3933 to 3935. In such a case ordinarily the question of assumption of the risk of apparent dangers is a fact to be determined by the jury. Hennessy v. Ginsberg, 46 N. D. 229, 180 N. W. 796.

When there is no dispute in the facts on this issue it becomes a question of law; but when there is such a conflict in the testimony as warrants reasonable men to draw different conclusions, the question is primarily one for the jury. Philadelphia & R. R. Co. v. Marland (C. C. A. 3d) 239 F. 1, 10, 15 N. C. C. A. 402; Lusk v. Bandy, 76 Okla. 108, 184 P. 144. Thus, where there is a question of fact as to whether the danger complained of was due to the failure of the employer to furnish sufficient help or was such an incident as was so naturally attached to the work that the employee is said to have assumed it, it becomes a question for the jury. Padgett v. Seaboard Air Line R. Co. 99 S. C. 364, 83 S. E. 633, affirmed in 236 U. S. 668, 59 L. ed. 777, 35 S. Ct. 481.

The risks which the employee assumes are merely the usual and ordinary risks of his particular employment, those risks which are incident to the employment when they are not due to the master's negligence. Louisville & N. R. Co. v. Wright, 202 Ala. 255, 80 So. 93. They are such dangers as ordinarily, commonly, and usually pertain to or are incident to the employment which a reasonably prudent person might anticipate and do not include danger by acts of negligence on the part of the employer. Chicago, R. I. & G. R. Co. v. Smith (Tex. Civ. App.) 197 S. W. 614, affirmed in (Tex. Com. App.) 222 S. W. 1099. He has the right to assume that his employer will exercise proper care. Fox v. Lehigh Valley R. Co. 292 Pa. 321, 141 A. 157. He is not to be treated as assuming a risk that is attributable to the employer's negligence until he becomes aware of it, or it is so plainly observable that he must be presumed to have known of it, and he continues to work without complaint. See Chesapeake & O. R. Co. v. Proffitt, 241 U. S. 462, 466, 60 L. ed. 1102, 1106, 36 S. Ct. 620, affirming (C. C. A. 4th) 218 F. 23; Seaboard Air Line R. Co. v. Horton, 233 U. S. 492, 58 L. ed. 1062, 34 S. Ct. 635, L.R.A.1915C, 1, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834, supra; Buchler v. Philadelphia & R. R. Co. 280 Pa. 92, 124 A. 325.

The employee does not assume unusual or extraordinary risks. Kennelly v. Northern P. R. Co. 48 N. D. 685, 186 N. W. 548, supra; Everetts v. Northern P. R. Co. 50 N. D. 894, 198 N. W. 685. "Extraordinary risks created by the master's negligence will not defeat a recovery even if the servant knows of them, unless the danger is so obvious and imminent that he cannot help seeing and understanding it, and he fails under the circumstances to exercise the care of an ordinarily prudent man." Strunks v. Payne, 184 N. C. 582, 114 S. E. 840. In this case it is held that where the task of the employee was beyond his power to perform alone with reasonable safety and his employer had failed to furnish sufficient help, there was actionable negligence on the part of the employer.

Where the danger is caused by the failure of the employer to do as he agrees to do or is required to do and specifically promises to do, the employee does not assume the risks caused by the failure to keep the promise unless it has been so long continued that a reasonable man

would doubt the validity of the promise. In the case at bar there is testimony to the effect that when the plaintiff was ordered by his superior to undertake the work involved, sufficient aid in the form of co-workers was promised him. While there is some dispute on this feature, the jury, by their verdict, resolved the dispute in favor of the plaintiff, and so we assume the foreman promised to send sufficient assistance. The rules of the company, as heretofore indicated, show he was required to do so. Under those circumstances the employee who continues to do as ordered, with knowledge of danger incident to insufficient help, can not be said to have assumed the risk of insufficient help unless he has continued for such a length of time as ought to have indicated to him that he was not going to receive the aid and that an ordinarily prudent man should no longer rely on the promise. Seaboard Air Line R. Co. v. Horton, supra, 233 U. S. 505, 58 L. ed. 1070, 34 S. Ct. 635, L.R.A.1915C, 1, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834. On this point see Lorick v. Seaboard Air Line R. Co. 102 S. C. 276, 86 S. E. 675, Ann. Cas. 1917D, 920, affirmed in 243 U. S. 572, 61 L. ed. 907, 37 S. Ct. 440.

In the case at bar it must have been clear to the employee that in dismantling the decking—considering the way in which it had been constructed—there was obvious danger that the sides would fall out rather than into the car. However, the construction was such that he was required to work on the outside. The employee stationed himself at the extreme end so that ordinarily if the side fell out it would not affect him. His claim is that in falling it shifted or angled; that if he had been furnished assistance as promised him this catastrophe would not ordinarily have happened, and, therefore, primarily the cause of the accident was the negligence of the defendant in failing to furnish sufficient help, and that because of the order of his superior he was justified in undertaking the work relying upon the promise of aid. It seems to us this raises a question which primarily belongs to the jury. In Martin v. Union P. R. Co. 214 Mo. App. 307, 253 S. W. 513, it was held that "whether a railroad laborer who had never handled tiling weighing 300 pounds assumed the risk of lowering the tiling from a car with the assistance of one man on the ground and without skids" had assumed the risk of handling the tiling was a question for the jury to determine.

In Atlantic Coast Line R. Co. v. Danks (C. C. A. 4th) 288 F. 826, a freight handler was ordered by the foreman to maintain an extremely flexible panel, possessing a narrow base, in a vertical position and to hold it in place until other pieces were brought in. In doing this the employee noticed the upper corner of the panel farthest away from him was beginning to sag and to better support it he moved to the middle and tried to hold it up. He was unsuccessful, the panel fell on him, and he broke his leg. He had never before been called·upon to handle a similar piece. It must have been obvious to the employee that under the law of gravitation the flexible panel would fall unless supported. The court refused to instruct that the employee ·assumed the risk and the case was submitted to the jury. The court held that under the circumstances the question as to whether it was negligence for the foreman to direct this man to hold this particular article ·was fairly left to the jury and that there was nothing in the case to justify "the court below in holding that, as a matter of law, plaintiff assumed the risk of possible injury. He says he had never before handled any freight of the kind. He was entitled to rely upon his foreman's better knowledge, unless he could for himself see and appreciate the danger. Whether he could or should have done so was also a question for the jury. His recovery is not precluded by the mere fact that, when he thought the article of freight entrusted to his care was about to fall and suffer injury, he did what he could to protect it."

The case of Karas v. McAdoo, 46 N. D. 344, 179 N. W. 710, is also enlightening in dealing with the twilight zone where assumption of risk and the neglect of the employer meet. Therein Judge Christianson points out the employer is free from liability only when the employee's act is the sole cause, and the employer's act is not part of the causation, and the principle set forth in this individual concurrence is the general holding of the entire court.

In the case at bar, while the employee had been for twelve years in the service of the defendant, the record shows this is the first time that he undertook work of the character in which he was employed at the time of injury. As a carpenter and as a man of common sense he would know of the operation of the law of gravitation, but he

would also know that if he had sufficient assistance the work could be performed without any great danger. He relied upon the promise of assistance and commenced his work. He did it in the only way in which it could be done, apparently, and took precautions for safety by placing himself at the extreme end. It does appear that if he had the assistance of another man working at the other end the decking in falling would have fallen straight and not angled. This raised a question for the jury to determine and their verdict is conclusive. The record shows that in other cases of removing decking going on the same day two men were assigned to each section. Clearly the foreman knew that at least two were required to properly handle the decking. The court fairly submitted the matter to the jury; it was a matter for the jury to pass upon; and from the verdict it is clear that the act which caused the injury was not a risk assumed by the employee. The judgment, therefore, is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and MORRIS, JJ., concur.